HIGHWAY PATROL, et al. *v.* NEAL'S DEPENDENTS

No. 41570          November 7, 1960          124 So. 2d 120

*Butler, Snow, O'Mara, Stevens & Cannada,* Jackson, for appellants.

508

*Alton Massey,* Kosciusko, for appellees.

ETHRIDGE, J.

The Workmen's Compensation Commission awarded death benefits under the Act to appellees, dependents of Claude C. Neal, deceased. Neal was a highway patrolman, working in the drivers' license division, examining applicants for such licenses in several counties. He had a long-standing, severe care of hypertension, and died during working hours from a cerebral hemorrage. The overwhelming weight of the evidence reflects that the activities and duties of his employment aggravated, accelerated, or combined with his pre-existing disease to produce his death. Five doctors who had seen and treated deceased at various times over a period of years were of that opinion. The testimony of two specialists, who testified for appellant from hypotheti-

cal questions but who had no personal knowledge of the employee's condition, would not warrant a finding to the contrary. The case is controlled by a long line of decisions dealing with this issue. W. G. Avery Body Co. v. Hall, 224 Miss. 51, 79 So. 2d 453, 80 So. 2d 53 (1955); Insurance Dept. of Miss. v. Dinsmore, 233 Miss. 569, 102 So. 2d 691, 104 So. 2d 296 (1958); Shivers v. Biloxi-Gulfport Daily Herald, 236 Miss. 303, 110 So. 2d 359 (1959); Lewis v. Trackside Gasoline Station, 233 Miss. 663, 103 So. 2d 868 (1958); Poole v. R. F. Learned & Son, 234 Miss. 362, 103 So. 2d 396 (1958); Goodnite v. Farm Equipment Co., 234 Miss. 342, 103 So. 2d 391, 104 So. 2d 298, 106 So. 2d 383, 683 (1958); Central Electric Power Ass'n v. Hicks, 236 Miss. 378, 110 So. 2d 351, 112 So. 2d 230 (1959); see also 58 Am. Jur., Workmens' Compensation, Sec. 255.

██ █ The Commission based its order upon an improper ground, a presumption, but since it reached the right result the order is affirmed. ██ █ The presumption of causal connection where death occurs on the job is a rebuttable and not a conclusive presumption. The evidence fully developed the circumstances of Neal's death, and the presumption disappeared. Winters Hardwood Dimension Co. v. Harris' Dependents, 236 Miss. 757, 762, 112 So. 2d 227 (1959). The great weight of the evidence reflects a causal connection.

There is no merit in the other assignments of error.

Affirmed.

*McGehee, C. J.,* and *Arrington, Gillespie* and *McElroy, JJ.,* concur.

GILLESPIE, *J.,* concurring:

In view of the majority holdings in Shivers v. Biloxi-Gulfport Daily Herald, 236 Miss. 303, 110 So. 2d 359, and Central Electric Power Association v. Hicks, 236 Miss. 378, 110 So. 2d 351, 112 So. 2d 230, I concur.

## ON SUGGESTION OF ERROR

McGEHEE, C. J.

The employee, Claude C. Neal, departed this life on February 24, 1958 while employed by the Mississippi Highway Patrol.

On April 23, 1960 the legislature amended the Workmen's Compensation Act so as to require a fair interpretation of the provisions of the act instead of the liberal interpretation which the Court had theretofore been giving to the act under Sec. 22 of Chapter 354, Laws of 1958, as amended.

The opinion rendered in this cause on November 7, 1960 cited some cases which were decided prior to the passage of the 1960 act. The suggestion of error herein makes the point that those cases were not applicable to the 1960 act for the reason that they were decided under the old law. However, the 1960 act expressly provides that it shall take effect from and after its passage. There is nothing contained therein that indicates that the legislature intended for the same to be retroactive as to injuries sustained prior thereto.

The Court is of the opinion that the new act deals with a substantive right of the employee instead of an adjective right.

We have carefully examined and studied the suggestion of error and brief thereon and the Court has concluded that the same should be overruled.

Suggestion of error overruled.

*Arrington, Ethridge, Gillespie,* and *McElroy, JJ.,* concur.