MERIDIAN MATTRESS FACTORY, INC. *v.* MORRIS

No. 41638 December 19, 1960 125 So. 2d 533

*Lawrence W. Rabb,* Meridian, for appellant.

*J. A. Travis, Jr., Barney E. Eaton, III,* Jackson; *E. D. Strange, Lester Williamson,* Meridian, for appellee.

McGehee, C. J.

This is an appeal taken by the employer and carrier from an award made in a workman's compensation case by the attorney-referee and affirmed by the Commission and by the Circuit Court of Lauderdale County. It is contended that a presumption was erroneously applied to the factual situation involved, and that as a matter of law no presumption applied.

The appellants further say that the attorney-referee, full Commission and the Circuit Court misinterpreted the rule in heart cases and especially the application of the rule as announced in the case of Russell v. Sohio Southern Pipe Lines, 236 Miss. 722, 112 So. 2d 357. The decision in the Russell case turned upon what we deem to be the failure of the employer to meet the burden of overcoming the presumption that the heart attack in that case was work-connected in view of the fact that the onset of the attack occurred while the employee was on the job and was engaged about the duties of his employment. We adhere to the ruling in the above mentioned Russell case.

As was held in the case of Mississippi Highway Patrol, et al v. Dependents of Claude C. Neal, Dec., cause No. 41,750, decided on November 7, 1960, the presumption referred to is "not a conclusive presumption. The evidence fully developed the circumstances of Neal's death and the presumption disappeared". Citing Winters Hardwood Dimension Co. v. Dependents of Dave Harris, 236 Miss. 757, 762, 112 So. 2d 227.

In the Neal case, supra, the employee did not die while actually engaged in the duties of his employment within the strict meaning of that term, but he became sick in a restaurant at the noon hour after having been engaged in the discharge of his duties on that day in the forenoon. The proof disclosed that the highway patrolmen had no special hour set apart at noontime for being off duty, but that they were subject to call and on duty at any time after beginning work each day. Five medical experts testified that in their opinion there was a causal connection between Neal's work and his cerebral hemorrhage and subsequent death. Two medical experts testified to the contrary.

In the instant case the employee, William Reeves Morris, the bookkeeper at the office of the appellant Meridian Mattress Factory, Inc., was taken ill while

at his desk in the office between 9:30 and 11:00 A.M., and was carried home in an ambulance, and from there to the hospital where he died of coronary thrombosis a week later.

The proof disclosed that Morris had been complaining to his wife and son-in-law for some time because of shortness of breath, and his wife testified that he sometimes had ''to grasp for breath'' in the nighttime.

There was hearsay testimony on behalf of the claimant that Mr. Morris had told his wife and his doctor that he had had to go up a flight of 19 steps on that morning to open the storeroom door and that he had climbed these steps at other times during that morning. And she testified that he worked until 8:00 o'clock the night before in getting out a shipment. There was also proof that there was a flight of steps 10 to 12 feet high that he had to ascend in going into his home.

Morris was 57 years of age and had been employed at the mattress factory from August 1954 until September 12, 1957.

One medical expert testified unequivocally that in his opinion, based upon a hypothetical question, there was a causal connection between the work of this employee and the onset of the heart attack. There were two medical experts who testified to the contrary. One of them conceded that while the patient did not necessarily have a diseased heart, he had diseased arteries. ''Q. Well you would say that if the man had not had any diseased arteries or heart, that the likelihood of his having the attack would have been less? A. Much less, yes,'' and he also stated in substance that for a man with diseased arteries he would have prescribed rest rather than work when he discovered it.

■■■ ■ We are of the opinion that the trier of the facts had substantial evidence to support its finding that the work of this employee aggravated, accelerated and precipitated the onset of the coronary thrombosis

which resulted in his death. On the day of the attack both the president and secretary of the corporation were away attending a convention, and the trier of the facts would naturally have known that their absence would have most likely increased the duties and responsibilities of the bookkeeper, Mr. Morris. ■■ ■ It was for the Commission to determine whether or not the employer and carrier had met the burden of showing that there was no causal connection between the work of Mr. Morris and the onset of his attack while at his desk and engaged in the duties of his employment. We are unable to say that there was no substantial evidence to support the determination of the Commission, and hence the finding of the attorney-referee, full Commission and the decision of the Circuit Court are hereby affirmed.

Affirmed.

*Lee, Kyle, Arrington* and *McElroy, JJ.*, concur.