CONNELL, et al. *v.* ARMSTRONG TIRE & RUBBER Co., et al.

No. 41952          November 13, 1961          134 So. 2d 435

*Carl A. Chadwick,* Natchez; *Barnett, Montgomery, McClintock & Cunningham,* Jackson, for appellants.

*W. A. Geisenberger, Joseph E. Brown, Jr.,* Natchez, for appellees, Armstrong Tire & Rubber Company and United States Fidelity and Guaranty Company.

284

*E. C. Ward, Laub, Adams, Forman & Truly,* Natchez, for appellees, E. T. Jackson, d.b.a. Sun Shield Coating and Lumbermen's Mutual Casualty Company.

Jones, J.

This is a workmen's compensation claim that comes to us from the Circuit Court of Adams County. The attorney-referee, the full commission and the circuit Court denied the claim.

Mr. Harmon Connell was a chemist and chief compounder for Armstrong Tire & Rubber Company, living and working in Natchez, Mississippi. On Sunday, December 30, 1956, in the laboratory of said company, Mr. Connell, by reason of an explosion, received burns from which he died the following day. The question here presented is whether the claimants have established that he received his injuries in the scope and course of his employment. The essential facts for an understanding of the issue are these:

Mr. Connell was, as aforesaid, chief chemist for the company. He was a conscientious and valuable employee, often working at night, on Saturdays, and on Sundays. The company was engaged in the manufacture of rubber products. For sometime it had had a problem known to some of the officers as to the effect of sunlight shining on rubber in storage. It was the custom of the company through its officials to refer to Mr. Connell various problems on which to work, and according to the record he was not supposed to work on any matters other than those referred to him. There had never been referred to him the job of preventing or endeavoring to prevent ultra-violet rays and other rays of the sun from penetrating through the windows onto the materials or products stored.

On Sunday, December 30, one E. T. Jackson, who lived at Natchez and was engaged in the operation of a television and radio repair shop and also a business under the name of "Sunshield Coating", called Mr. Connell at his home. Jackson and Connell were unacquainted. Connell's name had been given Jackson by a neighbor. Jackson advised him that he, Jackson, had a problem

with the liquid that he used to coat windows in that the liquid, after being used and recaught for re-use several times would cloud and fog. He asked Mr. Connell if he could help him determine what caused this. Mr. Connell advised him to come to the company gate at two o'clock that afternoon and bring about four gallons of the liquid. He would see what could be done. They did meet, and went into the labortory. Mr. Jackson testified as to what there happened. He said Mr. Connell would pour some of the liquid into a vial or container, would heat same, and then test to see whether it was still "clouding". There was no discussion between Jackson and Connell as to compensation for this service, but Jackson testified that he was willing to pay for the work.

Mr. Jackson left the laboratory for about an hour and said when he returned Mr. Connell was heating and testing the liquid. While he, Jackson, was there in the laboratory and while Mr. Connell was testing some of his, Jackson's, fluid there was an explosion which burned Mr. Connell and as a result of which he died the next day.

There is no evidence that Mr. Connell was testing a material to determine whether it would filter the ultra-violet rays or other rays of the sun. Mr. Jackson testified it was used on windows to prevent glare and heat from penetrating. The tests, however, so far as here shown, were all confined to trying to ascertain the cause of the "clouding" or "fogging" so that Mr. Jackson could continue to use it without being met with such fogging conditions.

The claimants argue that because the accident happened in the laboratory of the rubber company where Mr. Connell worked, and because the company had a problem about sun rays, the presumption is that he was in and about the business of Armstrong Tire & Rubber Company.

The claim was originally filed against Armstrong and Jackson and their respective carriers. On appeal, however, it is not argued that there was any error as to the finding that Mr. Connell was not an employee of Jackson but the assignment of errors and argument are based solely upon the liability of Armstrong.

■■■ This is not a case where an employee was found injured or dead at the place of his employment with no proof as to cause of the injury or death. All facts relative to the injury and death are in evidence. Under such circumstances, any presumption would disappear. Highway Patrol, et al. v. Dependents of Neal, (Miss.), 124 So. 2d 120.

■■■ Furthermore, there was a full hearing and the Commission unanimously decided on the facts that the accidental injury and subsequent death did not arise out of and in the course of the employment of the decedent by Armstrong Tire & Rubber Company, nor was he at the time of the accident and death an employee of E. T. Jackson.

■■■ This finding of the Commission was supported by substantial evidence and, under many decisions of this Court, is conclusive on appeal. Malley v. Over The Top, Inc., 229 Miss. 347, 90 So. 2d 678; United Funeral Homes, Inc., v. Culliver, 128 So. 2d 579; Cole v. Superior Coach Corporation, 234 Miss. 287, 106 So. 2d 71; Jackson Oil Products Co. v. Curtis, 129 So. 2d 403; I. B. S. Manufacturing Company v. Dependents of Cook, 130 So. 2d 557.

Affirmed.

*McGehee, C. J.,* and *Kyle, Ethridge* and *Gillespie, JJ.,* concur.