L. B. PRIESTER & SON, INC., et al. *v.*
DEPENDENTS OF BYNUM

No. 42327 May 14, 1962 141 So. 2d 246

February 19, 1962 137 So. 2d 907

June 4, 1962 142 So. 2d 30

*Lawrence W. Rabb,* Meridian, for appellant.

*Etheridge, Minniece & Bourdeaux,* Meridian, for appellee.

*Daniel, Coker* and *Horton,* Jackson, amicus curaie.

MCELROY, J.

This is an appeal by the employer and carrier in a workmen's compensation case from an order of the Circuit Court of Lauderdale County reversing the final order of the Commission.

At the hearing before the attorney-referee, the claimant offered her proof and rested. The employer and carrier moved for a dismissal of the claim on the ground that the claim had not been established, in that the claimant had not met the burden of proof and had failed to show a causal connection between the decedent's death and his work activities. The motion was sustained and the claim dismissed. On appeal to the Workmen's Compensation Commission, the order of dismissal was affirmed. On appeal to the circuit court, a judgment was entered reversing the order of the Commission and re-

manding the case to the Commission in order to give the employer and carrier an opportunity to present evidence.

■■■ ■ Forms B-11 and B-5 stated that the decedent suffered a heart attack, arising out of, and while in the course of, his employment. The deceased was found dead on September 10, 1960, on the premises of the employer's repair shop in Meridian, Lauderdale County, Mississippi. He was foreman of the shop, his employer being a contractor and builder. Normally the shop closed about 12 o'clock on Saturdays, on which day the death occurred. It was Bynum's duty to close the shop. The record discloses deceased was working in the shop about 12 o'clock or shortly thereafter, and was found dead with the keys of the building on the floor near him in front of the tool cabinet about 12:50 P. M. There is much in the record in regard to prior heart treatment while working a few years before at Itta Bena, Mississippi. The decedent had suffered with migraine headaches for several years, as well as having been treated by physicians for heart ailments. During the morning of September 10th, between 11 and 12 o'clock, decedent left his work and went to the office of Dr. William R. Mitchum, Jr., and was treated for a severe headache and was advised to go home and go to bed. This was the advice the doctor had always given him when he treated him for severe headaches. However, the decedent went back to work.

Both Dr. William R. Mitchum, Jr. and Dr. B. J. Price, Internal Medical Specialists, had treated deceased in the past, and, although both testified, neither was able to express a definite opinion as to the cause of death. Neither saw the deceased after his death. Dr. Mitchum testified that deceased had come to his office on several occasions after a day's work complaining of severe headaches.

It is clear from the record that, after the visit to Dr. Mitchum on the morning of his death, deceased returned to his place of employment and remained and performed his duties until found on the floor. Since deceased was in charge of the shop in which he was found dead, the testimony shows that it was his duty to close the shop, and lock it up when he left. He was paid by the week and not by the hour, and his duties required him to stay overtime on some occasions. The record indicates that he was in the process of preparing to use a pickup truck which had been borrowed from his employer. It is undisputed that he had not closed the shop for the day, although it was a few minutes later in point of time than the shop actually remained open on Saturdays.

The question before the Court is whether deceased, Clarence E. Bynum, died within the spatial and time limits of his employment and his death occurred while he was in the course and scope of his employment. That is, whether or not the 1960 amendment to the Mississippi Workmen's Compensation Act, and particularly the Amendment to Section 6998-02 (9) of the Miss. Code of 1942, Rec., did away with the well-established presumption of causal relation between the employment and death where an employee is found dead within the spatial and time limits of his employment.

In the regular Legislative Session of 1960, the Miss. Legislature passed a series of amendments to the Workmen's Compensation Act. Among these was one to Section 2 (9), being Code 1942, Rec., Section 6998-02(9), by adding the underlined words, as follows: " 'Disability' means incapacity, because of injury, to earn the wages which the employee was receiving at the time of the injury in the same or other employment, *which incapacity and the extent thereof must be supported by medical findings.*"

 █ Appellants contend that the 1960 amendment to this Sec. 2 of the Act, subsection (9), had the effect of eliminating the presumption of work-connection where an employee dies in the course of his employment. We do not agree. Sec. 2 deals with "definitions." A claim for disability is separate and distinct from a claim for death benefits. Section 8 of the Act deals with "compensation for disability." Code Section 6998-09. Section 9 pertains to "compensation for death." Code Section 6998-13. These are distinct types of claims. This fact is recognized in the definition section.

Section 2 (3) defines when "death" is compensable. The 1960 amendment did not change that provision. Section 2 (9), quoted above, was amended as stated, but the amendment by its own terms specifically refers to disability as incapacity to earn wages. It manifestly has no relation to death claims. Nor does it purport to remove the established presumption in death cases. It was intended to apply to disability claimed by a living person.

This 1960 Amendment did not have the effect of eliminating from application of the act the presumption of causal connection between the employment and death, while the employee is engaged in the duties of his employment. Holman v. Standard Oil Company of Kentucky, 136 So. 2d 591 (Miss. 1962). Such legislative intention is not indicated either expressly or by reasonable inference.

 █ Moreover, the general statement of purpose added by Miss. Laws 1960, Ch. 275, to Section 1 of the Act, stating that "this Act shall be fairly construed according to the law and the evidence", does not affect the existence of the presumption nor the method of interpreting the Workmen's Compensation Act. The word "fairly" means in a fair manner, equitably and justly. Webster's International Dictionary (2d Ed.), p. 911. This statement of the Act's general purpose does not

cause any substantive change in its interpretation and application, since the same purpose manifestly and necessarily existed when the original statute was passed in 1948. Miss. Laws 1948, Ch. 354.

The reference in Highway Patrol v. Neal's Dependents to the 1960 addition to Section 1 of the Act, the statement of purposes, was not necessary to that decision, since Neal's death occurred in 1958, and therefore the 1960 addition was not applicable. 239 Miss. 505, 513, 124 So. 2d 120, 125 So. 2d 544 (1960). Moreover, the possible intimation therein of any substantive change was not on an issue. All that was held in *Neal* was that, *if* the 1960 Amendment to Section 1 effected any change, it would have to be substantive, not procedural. We now hold that this particular Amendment to Section 1 made no change in substantive rights and liabilities under the Act which are ascertainable as a matter of legislative intent, or judicially determinable.

. The order of the circuit court is therefore affirmed, and the case is remanded to the Mississippi Workmen's Compensation Commission for further proceedings in accordance with the order of the circuit judge and this opinion.

Affirmed and remanded to Workmen's Compensation Commission.

*McGehee, C. J.,* and *Arrington, Ethridge* and *Rodgers, JJ.,* concur.

## ON MOTION TO DISMISS APPEAL

GILLESPIE, J.

Mrs. Alice E. Bynum instituted proceedings before the Workmen's Compensation Commission to secure benefits for the death of her husband. At the hearing before the attorney-referee the claimant offered her proof and rested. The employer and its carrier moved for dismissal of the claim on the ground that the claim had not been established. The motion was sustained

and the claim dismissed. On appeal to the Workmen's Compensation Commission, the order of dismissal was affirmed. Claimant then appealed to circuit court and that court reversed the order of the Commission and remanded the case to the Commission to give the employer and carrier an opportunity to present evidence "before any final determination is attempted herein." The employer and carrier perfected an appeal to this Court from the circuit court's order, and claimant filed a motion in this Court to dismiss the appeal on the ground that the order of the circuit court was not a final judgment.

■■ ■ Code Section 1147 provides for appeals from the circuit court to the Supreme Court from "any final judgment," and interlocutory appeals from circuit court are not permitted by statute, except that an order granting a new trial on the sole ground of excessiveness or inadequacy of damages is appealable. Chapter 230, Laws of 1956 (Code Section 1536). In cases originating before the Workmen's Compensation Commission the circuit court is an intermediate appellate court. The Workmen's Compensation Act provides that, "Appeals may be taken from the circuit court to the supreme court in the manner as now required by law." Code Section 6998-26. ■■ ■ The judgment of the circuit court in a case appealed from the Workmen's Compensation Commission is final when it has fully disposed of the appeal and nothing remains to be done in that court.

■■ ■ The Commission's "final award" dismissing the claim was the judgment, the correctness of which was the subject of the appeal to circuit court. The circuit court could (1) affirm, and remand if necessary, or (2) reverse and enter such judgment or award as the Commission should have entered, and remand if necessary. Code Section 6998-26. When the circuit court finally disposed of the appeal from the Commission's final award by reversing the award and remanding the

case to the Commission, the judgment of the circuit court was final and appealable.

Motion to dismiss appeal overruled.

*McGehee, C. J.,* and *Kyle, Arrington* and *Ethridge, JJ.,* concur.

## ON SUGGESTION OF ERROR

ETHRIDGE, J.

■■■ Our original opinion held that the Commission erred in dismissing the claim of the deceased employee's widow after she offered her evidence, and before the employer and carrier had done so. Hence the judgment of the circuit court, reversing the Commission, was affirmed, and the cause remanded to the Commission for further proceedings. The decision was based on the well-established presumption of work connection where the employee died while engaged in the duties of his job. The presumption is rebuttable, and the Commission's order was reversed for a full hearing on the merits.

The only contention on suggestions of error (including one amicus curiae) meriting further discussion is that in some unspecified way the 1960 amendment to Sec. 1 of the act should require the Court to reach a different result. Section 1 is the statement of purpose. In 1960 there was added a clause that, "this act shall be fairly construed according to the law and the evidence." Miss. Laws 1960, Ch. 275; Miss. Code 1942, Rec., Sec. 6998-02 (9). The original opinion simply held that this amendment did not affect "the existence of the presumption nor the method of interpreting the Workmen's Compensation Act''; and that it made no change which was "ascertainable as a matter of legislative intent, or judicially determinable."

■■■ Appellants say that by it "the burden of proof has been placed back on the claimant." However, the

burden of proof has never shifted. It is on the claimant, but, in the case of an unexplained death while on the job, there is created a rebuttable presumption of work connection. This is the almost universally recognized rule. See Highway Patrol v. Neal's Dependents, 239 Miss. 505, 513, 124 So. 2d 120, 125 So. 2d 544 (1960).

Prior to 1960 there was no statutory reference in the act to any criteria of construction. The 1960 amendment merely added the above quoted sentence. Since the act previously contained no standards of construction, this Court adopted the general rule of interpretation, which is summarized in 99 C. J. S., Workmen's Compensation, Sec. 20b, pp. 95-111: "The courts have very generally held that the workmen's compensation acts should, must, or will be accorded a broad or liberal construction or interpretation, on the various grounds that the acts are remedial in their nature, and that the acts are remedial in their purposes, objects, or operation, that they constitute commendable legislation, or humane, humanitarian, paternal, or social legislation, that they have a beneficent or beneficial purpose, that they are enacted for worthy, public, humane, or humanitarian purposes, that they are grounded in justice, and economically sound, affect the public welfare or interest, establish or are founded on a public policy, and are authorized by the police power. . . .

"On the other hand, the acts are not to be given a strict construction or application, nor are they to be given a narrow, strained, forced, harsh, rigid, unrealistic, fanciful, or technical construction or interpretation." See also 58 Am. Jur., Workmen's Compensation, Sec. 27; 1 Larson, Workmen's Compensation Law, Secs. 2, et seq. The Mississippi cases to this effect are so numerous that there is no point in citing them. The question is, did the addition in 1960 of the quoted clause to Sec. 1 of the act change this rule of construction? We do

not think it did, for several reasons. First, it was the manifest legislative intent that there be a fair construction of the act to carry out its remedial purposes since its enactment in 1948. The general and almost universal rule of interpretation effectuates that purpose, and presumably the legislature, in drafting the statute, had in mind that rule of construction.

Second, if the legislature had intended to create a change of construction, different from the general rule, it would have been simple to do so. For example, it could have said that the act should be strictly construed against the employee, or that the rule of liberal construction in favor of the claimant was abolished. Yet a simple statement that it should be "fairly construed" is not indicative of any ascertainable or judicially determinable legislative intent.

It should be noted that the Workmen's Compensation Act makes it the employee's exclusive remedy against his employer. It limits the latter's liability. It deprives the employee of his common law right of action against the employer for compensatory damages. Code Sec. 6998-05. Presumably these significant factors entered into the legislative decision not to specify a rule of construction which would be contrary to that applied in other jurisdictions and by this Court. See Llewellyn, Remarks on the Theory of Appellate Decision and the Rules or Canons about how Statutes are to be Construed, 3 Vand. L. Rev. 395 (1950).

Third, although appellants assert this particular clause effected a substantial change in application of the act, related authorities elsewhere also hold to the contrary. 99 C. J. S., Workmen's Compensation, pp. 91-92.

Suggestions of error overruled.

*McGehee, C. J.,* and *Arrington, McElroy* and *Rodgers, JJ.,* concur.