ITAWAMBA MANUFACTURING Co., et al. *v.*
DEPENDENTS OF CHRISTIAN

No. 42399          October 8, 1962          145 So. 2d 161

*Scribner & Brewer,* Tupelo, for appellants.

*J. Hollis Brown*, Fulton, for appellee.

McGehee, C. J.

The deceased employee in this workmen's compensation case, George Christian, was of the age of 48 years and was employed by the Itawamba Manufacturing Company as a machine operator. On Thursday, July

3, 1958, he was about his work at the manufacturing plant but was off on July 4, 5 and 6, the Fourth of July holiday period. He returned to his work on Monday, July 7, 1958, at about 6:15 a.m. At 6:57 a.m. he punched the time clock for work. He then picked up a small oil can, one-half of a pint in size, to oil the machine of a fellow worker. He took a few steps toward the machine and then fell to the floor as the result of an acute arterial coronary occlusion. At that time he had not started his work at his own machine. He was taken from the plant to a local hospital and died a short time later.

The dependents of this deceased employee applied for workmen's compensation, but their claim was denied by the attorney referee and then on appeal the same was again denied by the full commission by a unanimous vote. Thereupon an appeal was taken to the Circuit Court of Itawamba County where the circuit judge reversed the decision of the commission and allowed the claim. From that judgment of the circuit court, the Itawamba Manufacturing Company, as employer, and the United States Fidelity and Guaranty Company, as its insurance carrier, have prosecuted this appeal.

The theory of liability advanced by the appellees was that where an employee is found dead on the job there is a presumption of a causal connection between his work and his death, in the absence of an explanation as to why there was no causal connection between his work and his death.

We have repeatedly held that the Workmen's Compensation Commission is the trier of the facts and that if its finding is supported by substantial evidence the same will not be disturbed.

In this case there were two doctors who testified and there is no substantial disagreement in their testimony when considered as a whole. Dr. W. J. Daniel testified first that there was no causal relation between the work

of the employee and his death. But he finally conceded that there was a *possibility* that his work could have had a causal connection with his death. Dr. Phil Albert Orpet, Jr., a specialist in internal medicine, testified that in his opinion the work of the employee had a causal relation to his death but he further testified that he considered that this conclusion was a *possibility*. We think that the Commission was warranted as a trier of the facts in concluding that since this employee collapsed before he had begun the duties of his employment on that morning and had had three days of rest and relaxation immediately prior thereto, that there was no causal relation between his activity as an employee and his death.

After a careful study and consideration of all of the facts disclosed by the record in this case, we are of the opinion that we would not be justified in reversing the decision of the trier of facts and substituting our judgment in its stead. The judgment of the circuit court must therefore be reversed and a judgment rendered here in accordance with the decision of the Commission which affirmed the denial of liability as made by the attorney referee.

Reversed and judgment here for appellants.

*Kyle, Gillespie, McElroy and Jones, JJ.,* concur.