226 So.2d 608 (1969)
LEAKE COUNTY COOPERATIVE (A.A.L.) and Michigan Mutual Liability Company
v.
DEPENDENTS OF Billy Howard BARRETT, Deceased.
No. 45356.
Supreme Court of Mississippi.
May 26, 1969.
Rehearing Denied September 29, 1969.
Satterfield, Shell, Williams & Buford, K. Hayes Callicutt, Jackson, for appellant.
H.W. Davidson, A.R. Wright, Jr., Carthage, for appellee.
BRADY, Justice:
This is an appeal from a judgment of the Circuit Court of Leake County, Mississippi, which reversed the findings and order of the attorney referee as affirmed by the full Mississippi Workmen's Compensation Commission. The record in this case discloses the following determinative facts. Billy Howard Barrett, deceased, an employee of the appellant, Leake County Cooperative (A.A.L.), was thirty-one years of age at the time of his death on February 7, 1967. He was married and had four children whose ages ranged from six years to eight months. Subsequent to his death his *609 widow remarried the deceased's younger brother, so that only his children are his dependents under the Mississippi Workmen's Compensation Act. The record discloses that he worked for approximately two years for the appellant, Leake County Cooperative (A.A.L.), hereinafter called Co-Op.
On February 7, 1967, which was a Tuesday, the business of the Co-Op was slow and the work required of employees was easier than at other times of the year. On Saturday, February 4, 1967, the deceased did not lift any sacks or do any heavy work. On Sunday, February 5, he did not work at all. On Monday, February 6, the deceased hauled one truckload of lime, which was automatically loaded and unloaded by the pushing of a button by the deceased; and subsequently he had waited on customers at the place of business of the Co-Op. The record fails to disclose that he was required to pick up, load or carry heavy sacks of materials on that date. On February 7, 1967, the deceased was required to drive an empty van type truck to Jackson, Mississippi, from Carthage to pick up a load of feed. He was traveling over Interstate Highway 55, around 7:00 o'clock in the morning, and had proceeded eight or nine miles south of Canton, Mississippi, when he passed a truck of the Mississippi State Highway Department in which were riding two employees of the State Highway Department, Mr. Chester White and Mr. Harold Barlow, who had stopped the truck to pick up flares on the highway. These two men observed Billy Howard Barrett drive the truck to the left and proceed around the Highway Department's truck, then drive back into the right lane and continue down Interstate 55 a distance of a quarter of a mile, when the truck came to a slow stop, having traveled off the paved portion a distance of approximately fifty feet. When the truck stopped, White and Barlow stopped their truck to ascertain if they could be of any help to the parties in the truck of the Co-Op. There they found the deceased leaning over to his right, inert, with fluid flowing from his mouth and a lit cigar between the fingers of his right hand. They believed Barrett to be dead and therefore notified the Highway Patrol. Highway Patrolman Billy O'Neal, performing his regular duties, came upon the truck and stopped to investigate why it had stopped on the right-of-way. He confirmed the statements of White and Barlow; and failing to find that Barrett had any pulse and observing the spotted or purple color of his face, he realized that Barrett was dead. The county authorities were notified and a coroner's inquest was held and the inquest determined that Barrett had died of natural causes.
The record discloses conclusively that Barrett, when he was fifteen or sixteen years of age, had had a severe attack of rheumatic fever, the results of which had left him with a very severe heart condition which was known to Mr. Barrett. The record also discloses that on January 12, 1967, the deceased had had a heart attack from which he almost died and that around midnight he was rushed to the hospital in Carthage, Mississippi, where he was treated by Dr. Loutrelle Stribling who thought that Mr. Barrett would die because of his severely damaged heart. There is no contention or proof that this severe congestive heart failure was in any way connected with Mr. Barrett's employment. The record discloses that Dr. Stribling, at the insistence of Mr. Barrett, released him from the hospital upon Barrett's advising him that his work activities would be very slight. The record discloses also that Dr. Stribling urged Mr. Barrett to come to him for penicillin injections to aid in alleviating his congestive heart condition.
Several witnesses who testified for the appellees stated on cross-examination that the driving of the empty truck was not difficult, that it was easy and did not require exertion. There was testimony to the contrary by witnesses who likewise were placed on the witness stand by the appellees. Dr. Stribling, the only non lay witness offered by appellees, testified that he thought anything the deceased did would *610 have contributed to his death and therefore he thought "that anything he was doing could [have] possibly or very likely contributed to his death." Dr. Stribling categorically declined to say what percentage he thought the work activities combined with the preexisting heart condition to produce the death of the deceased, but stated that he could not tell. The record shows that Mr. Barrett had an enlarged heart, two severely damaged valves with a forceful apical beat, and a very loud diastolic murmur at the mitral and aortic areas. There is no proof in the record as to what percentage his preexisting heart condition contributed to his heart failure. Dr. Stribling did testify that he had a small reserve of heart strength.
Dr. William H. Rosenblatt, a cardiologist, testified in behalf of the appellants stating that Mr. Barrett died from an acute left-sided heart failure secondary to a severe rheumatic heart disease, particularly aortic regurgitation and mitral stenosis. He testified that there was no causal connection between the employment and the death of the deceased. Dr. Leo Elston, a cardiologist at the Veterans' Administration Hospital, also testified that the deceased died from acute pulmonary edema due to failure of the left ventricle. He testified that there was no causal relationship between the employment of the deceased and his death. The attorney referee found that Mr. Barrett did not suffer a compensable injury and death within the meaning and scope of the Mississippi Workmen's Compensation Act. The appellees petitioned the Mississippi Workmen's Compensation Commission for a full review, and the decision of the attorney referee was affirmed by the full commission. Thereupon, appellees appealed to the Circuit Court of Leake County, which court reversed the decision of the full commission, holding in substance that the testimony presented on behalf of appellees in this cause clearly established the fact that the work requirements of the deceased's job and the performance of his duties at the time of his death as outlined by lay witnesses, together with the medical testimony of Dr. Loutrelle Stribling, established a causal connection between the work in which the deceased was engaged at the time of his death and his heart failure. The circuit court in reversing the decision of the full commission permitted the appellees to recover, but failed to apportion the award in proportion to the preexisting condition. Appellants thereupon duly appealed to this Court.
Although appellants concede that there is only one issue, namely, "whether or not the deceased's fatal attack was causally connected to his work," nevertheless, appellants urge the commission of two errors because of which the judgment of the circuit court should be reversed, i.e., (1) that the findings of the full commission are supported by substantial evidence and therefore should be reinstated, and (2) that the circuit court has substituted its opinion in lieu of the findings of the commission.
The cases cited by the appellants clearly state the basic rule followed many times by this Court in affirming the findings of the commission, which is that where there is substantial evidence the findings of the full commission will not be disturbed. There are, however, numerous instances in compensation cases involving heart problems where this Court has refused to follow arbitrarily the findings of the commission. L.B. Priester & Son, Inc. v. Dependents of Bynum, 244 Miss. 185, 137 So.2d 907, 141 So.2d 246, sugg. of error overruled 142 So.2d 30 (1962); Holman v. Standard Oil Co., 242 Miss. 657, 136 So.2d 591 (1962); Shannon v. City of Hazlehurst, 237 Miss. 828, 116 So.2d 546 (1959); Winters Hardwood Dimension Co. v. Harris' Dependents, 236 Miss. 757, 112 So.2d 227 (1959); Russell v. Sohio Southern Pipe Lines, Inc., 236 Miss. 722, 112 So.2d 357, 113 So.2d 667 (1959); Goodnite v. Farm Equip. Co., 234 Miss. 342, 103 So.2d 391, 104 So.2d 298, 106 So.2d 383, 683 (1958). In Central Electric Power Association v. Hicks, 236 Miss. 378, 110 So.2d 351, 112 So.2d 230 (1959), from which we *611 quoted in Russell v. Sohio Southern Pipe Lines, Inc., 236 Miss. 722, 112 So.2d 357, 113 So.2d 667 (1959), we pointed out:
The general rule is that a decision of the commission on disputed issues of fact will be affirmed, where there is substantial and reasonable evidence in the record to support the commission's findings of fact. As an abstract statement, that rule is correct, but it means nothing apart from the statutory standards and the judicial standards based upon the statute which have been established in a large number of cases in recent years. [Emphasis added.] 236 Miss. at 388, 110 So.2d at 356.
The rule has been established by Mississippi case-law and applied in numerous Mississippi workmen's compensation cases that when "an employee is found dead at a place where his duties required him to be or where he might properly have been in the performing of his duties during the hours of his work," there is a presumption of causal connection between the injury or death and the employment. Dunn, Miss. Workmen's Comp. § 269 & 353 n. 51 (2d ed. 1967). The incipient recognition of the presumption which is now generally applied was in Majure v. William H. Alsup & Associates, 216 Miss. 607, 63 So.2d 113 (1953), although it was held inapplicable in that case. This presumption has been held to be a rebuttable presumption which places upon the employer the duty of coming forth with evidence that the employee's death was not work connected, but which does not shift the burden of proof. L.B. Priester & Son v. Dependents of Bynum, supra; Highway Patrol v. Neal's Dependents, 239 Miss. 505, 124 So.2d 120, 125 So.2d 544 (1960); Pearson v. Dixie Elec. Power Ass'n, 219 Miss. 884, 70 So.2d 6 (1954).
The issue, therefore, which must be resolved is whether or not under the facts in the case at bar the employer has presented sufficient evidence to overcome the presumption. To resolve this question it was necessary to analyze in detail the Mississippi cases which have considered and discussed this presumption. The presumption was held not to have been rebutted in Holman v. Standard Oil Company, 242 Miss. 657, 136 So.2d 591 (1962) in which the employer put on no testimony, but moved for dismissal of the claim. In the Holman case, supra, the attorney referee, the commission and the circuit court had held for the defendant, but the Supreme Court reversed the case and held for the claimant on the basis of the unrebutted presumption. Likewise, in Shannon v. City of Hazlehurst, 237 Miss. 828, 116 So.2d 546 (1959), The Supreme Court found that the presumption had not been rebutted and reversed the decisions of the attorney referee, the commission and the circuit court which had been for the employer. In the Shannon case, supra, the three doctors who testified for the employer were unable to give with any certainty the cause of death because there had been no autopsy. Unlike the two cases previously discussed, Watson v. National Burial Association, 234 Miss. 749, 107 So.2d 739 (1958), involves not a heart malady, but a shooting. In the absence of proof to the contrary, the Supreme Court held that the death of the claimant, Watson, arose out of and in the course of his employment and reversed the decisions of the attorney referee, commission and circuit court which had held for the defendant. The degree of proof offered by the employer in Russell v. Sohio Southern Pipe Lines, Inc., supra, was much stronger than in the cases which we have previously discussed but the court in reversing the attorney referee, commission and circuit court held, based upon the earlier case of Central Electric Power Association v. Hicks, supra, "that notwithstanding that the testimony is conflicting and the Commission's findings are supported by substantial evidence, this Court will nevertheless seek to ascertain whether or not the beneficent purpose of the Workmen's Compensation Law has been carried out." 236 Miss. at 732, 112 So.2d at 361. In the case of Goodnite v. Farm Equipment Company, *612 234 Miss. 342, 103 So.2d 391, 104 So.2d 298, 106 So.2d 383, 683 (1958), under facts very similar to those in the case at bar, the Supreme Court held for the claimant reversing the decisions of the attorney referee, the commission and the circuit court and finding that the claimant had met the burden of proving causal connection. In Pearson v. Dixie Electric Power Association, 219 Miss. 884, 70 So.2d 6 (1954), the Supreme Court reversed the decisions of the commission and the circuit court and reinstated the attorney referee's finding of compensability. In the Pearson case, supra, there was no medical testimony introduced by the employer to contradict the testimony presented by the doctors for the claimant.
There are also numerous cases in which the Supreme Court has discussed the presumption in upholding for the claimant the decision of the circuit court which had reversed the holdings of the attorney referee and the commission for the employer. Mississippi State Univ. v. Dependents of Hattaway, 191 So.2d 418 (Miss. 1966); L.B. Priester & Son v. Dependents of Bynum, supra; Winters Hardwood Dimension Co. v. Harris' Dependents, supra. In each of the three cases cited above the doctors were unable to testify definitely as to the exact cause of death.
The Mississippi Supreme Court has also discussed the presumption of causal connection in cases involving heart maladies wherein they have upheld awards made by the Workmen's Compensation Commission. El Patio Motor Court, Inc. v. Dependents of Long, 242 Miss. 294, 134 So.2d 437 (1961); Meridian Mattress Factory, Inc. v. Morris, 239 Miss. 792, 125 So.2d 533 (1960); and Highway Patrol v. Neal's Dependents, supra. The Long case, supra, and the Neal case, supra, held the presumption unnecessary to support recovery under their particular factual situations.
The cases of Connell v. Armstrong Tire & Rubber Company, 242 Miss. 280, 134 So.2d 435 (1961) and Majure v. William H. Alsup & Associates, supra, in which compensation was denied, are clearly distinguishable from the case at bar in that the facts therein clearly show that the employer did not meet his death in the course of his employment. Also distinguishable is Dillon v. Gasoline Plant Construction Corporation, 222 Miss. 10, 75 So.2d 80 (1954), wherein compensation was denied and the presumption was not applied because the employer died at home about four hours after quitting work.
It is now necessary for us to turn to and review two cases in which compensation was denied by the Supreme Court. In Itawamba Manufacturing Company v. Dependents of Christian, 244 Miss. 587, 145 So.2d 161 (1962), the Supreme Court rejected the circuit court's finding for the claimant and held for the defendant as the attorney referee and commission had previously done. The Christian case, supra, is factually distinguishable from the case at bar in that the proof showed that after a three day holiday period the claimant returned to work, punched the time clock, picked up a half pint can of oil, took a few steps and fell to the floor because of an acute arterial coronary occlusion. Also, the only two doctors who testified in the case stated that possibly there was a causal connection between the deceased's work and his death.
The case which is the most difficult to reconcile with the other decisions of this Court in this area is Union Producing Company v. Dependents of Simpson, 251 Miss. 183, 168 So.2d 808 (1964), wherein this Court reversed the decisions of the attorney referee, commission and circuit court awarding compensation and held for the defendant. The basis of holding that the presumption of causal connection had been rebutted was that "the facts were developed in full, including Employee's pre-existing condition, the details of his work, what he did on the morning the heart attack occurred, and what happened until his death, including the cause thereof." 251 Miss. at 194, 168 So.2d at *613 813. In the case at bar the details of deceased's activities on February 7, 1967, the day of his death, are sketchy and incomplete. Except for the testimony of the employees of the Highway Department, which shed some light on the few minutes before the truck driven by the deceased stopped, and the deceased's appearance when these men arrived at the truck after it had stopped we know only that the deceased was driving an empty van type truck from Carthage to Jackson to pick up a load of feed.
It is clear that the rules surrounding judicial review in workmen's compensation cases must be flexible enough to enable the reviewing court to prevent any patent error made by the commission in the exercise of its administrative power. Russell v. Sohio Southern Pipe Lines, Inc., supra, and Central Elec. Power Ass'n v. Hicks, supra. Also, numerous cases have held that the Workmen's Compensation Act should be given a broad, liberal construction in order to carry out the humane objectives of the Act. King v. Westinghouse Elec. Corp., 229 Miss. 830, 92 So.2d 209, 93 So.2d 183 (1957); Lindsey v. Ingalls Shipbuilding Corp., 219 Miss. 437, 68 So.2d 872 (1954); National Surety Corp. v. Kemp, 217 Miss. 537, 64 So.2d 723, 65 So.2d 840 (1953); and Deemer Lumber Co. v. Hamilton, 211 Miss. 673, 52 So.2d 634 (1951). This interpretation of the rule, of course, does not authorize the substitution thereof for essential facts which are lacking.
In our attempt to decide whether or not the presumption of causal connection has been rebutted we have carefully considered the medical testimony offered in this case and we are forced to the conclusion that some of the testimony offered by the doctors in behalf of the appellants which was based upon hypothetical questions is neither substantial nor reasonable. We cannot believe that this testimony based upon possibly inadequate hypothetical questions, which is in conflict with the testimony of Dr. Stribling who actually examined the patient, listened to his heart, took his blood pressure, and made the electrocardiograms, is more substantial, reasonable and credible of belief than Dr. Stribling's nor are we persuaded that a person who is suffering from a severe condition of congestive heart failure, who less than a month before almost died therefrom, would not be affected any more by driving a large van truck over a highly traveled interstate highway on a trip of considerable distance, would suffer no more tension, undergo no more physical exertion or have any more heart aggravation than if he were lying in bed asleep or reclining in a chair viewing television. The lack of reasonableness of this testimony when taken together with the lack of details as to the work done by the deceased on the morning of his death convinces us that the presumption of causal connection has not been rebutted in this case. We, therefore, hold that based upon the testimony presented in this cause as aided by the legal presumption that the appellees, notwithstanding medical testimony by appellants to the contrary, established the causal connection between the deceased's employment and his death.
This case presents a classical illustration of a difficulty which has often confronted this Court and which is worthy of comment. Heart failures, attacks and diseases have presented unique and most difficult problems under the Mississippi Workmen's Compensation Act. Just as the rainbow embodies in its spectrum all colors, so have the Workmen's Compensation Commission and this Court utilized all legal strategies in determining the compensability or noncompensability of claims relating to heart maladies. An objective, invariable and just yardstick or criterion of determiners relating to heart cases appears to be impossible of realization. In our effort to find the pot of gold called justice at the foot of the rainbow thus it is under remarkably similar factual circumstances that the orders of the commission as affirmed or reversed by this Court vary like the rainbow's colors from red to violet. The legislative *614 process affords probably the only solution to this confounding problem, since it is not within the province of the judiciary to legislate.
In conclusion, although we are always reluctant to disturb a decision of the full commission, nevertheless, under the posture and all the facts of this case, we are compelled to affirm the judgment of the circuit court in the granting of the award to the appellees. It is obvious, however, that the circuit court failed to apportion award of the damages in relation to the preexisting physical condition. Therefore, this cause is reversed and remanded to the Mississippi Workmen's Compensation Commission for the apportionment of damages due to deceased's preexisting heart condition as provided for by Mississippi Code 1942 Annotated section 6998-04 (Supp. 1966), which was pled by the appellants as an affirmative defense. Armstrong Tire & Rubber Co. v. Payton, 186 So.2d 217 (Miss. 1966), and Bill Williams Feed Serv. v. Mangum, 183 So.2d 917 (Miss. 1966). Determination of apportionment of the award is to be in proportion to his preexisting heart condition plus 6% interest from the due date of each weekly installment of death benefits until paid and a reasonable allowance of funeral expenses not to exceed $350, together with reasonable attorneys' fees in the amount of 33 1/3% of the total award. Arender v. Nat'l Sales, Inc., 195 So.2d 90 (Miss. 1967); Smith v. Crown Rigs, Inc., 245 Miss. 311, 148 So.2d 195 (1963); Davis v. Clark-Burt Roofing, 238 Miss. 464, 118 So.2d 774, motions to reassess costs, for damages, interest, and additional attorneys' fees sustained in part and overruled in part 238 Miss. 470, 119 So.2d 926 (1960); Russell v. Sohio Southern Pipe Lines, Inc., 236 Miss. 722, 112 So.2d 357, motion for allowance of interest and penalties sustained in part and overruled in part, 236 Miss. 734, 113 So.2d 667 (1959); Goodnite v. Farm Equip. Co., 234 Miss. 342, 103 So.2d 391, motion for allowance of attorneys' fees sustained 234 Miss. 355, 104 So.2d 298, motion for allowance of interest sustained in part and overruled in part 234 Miss. 356, 106 So.2d 383, sugg. of error overruled 234 Miss. 360, 106 So.2d 683 (1958); Miss.Code 1942 Ann. § 6998-32 (1952); Miss.Code 1942 Ann. § 6998-13 (Supp. 1966).
Affirmed as to compensability and reversed as to amount of award and remanded for apportionment; appellees' motion for additional attorneys' fees sustained.
GILLESPIE, P.J., and RODGERS, JONES and INZER, JJ., concur.
RODGERS, Justice:

ON PETITION FOR REHEARING
This is a workmen's compensation claim of the dependents of Billy Howard Barrett, deceased, against the Leake County Cooperative and Mutual Liability Company.
The attorney referee found that the deceased did not sustain a compensable injury by reason of his death within the meaning of the Mississippi Compensation Act. The full Commission affirmed the opinion of the attorney referee. The Circuit Court of Leake County, Mississippi, reversed the holding of the Commission and entered a judgment in favor of the claimants. The appellants appealed to this Court and we affirmed the judgment of the Circuit Court. The appellants have filed a petition for rehearing in which they point out, for the first time, that the deceased died in Madison County, Mississippi; that the appeal by the complainants to the Circuit Court of Leake County was null and void because, it is said, the appeal was made to the Leake County Circuit Court and not to the Madison County Circuit Court, the county in which the injury occurred. The appellants assert that the failure to appeal to the Madison County Circuit Court was jurisdictional, and that such an issue may be raised in this Court at any time.
The appellants point out that section 6998-26, Miss.Code 1942 Ann. (1952), says, among other things, that:
"Such appeal may be taken by filing notice of appeal with the commission, *615 whereupon the commission shall under its certificate transmit to the circuit court of the county where the injury occurred all documents and papers on file in the matter, together with a transcript of the evidence, the findings, and award, which shall thereupon become the record of the cause. Appeals shall be considered only upon the record as made before the commission."
It is therefore argued that since the claimants failed to appeal to the Circuit Court of Madison County, where the deceased died, there was no appeal, and since the time allowed by law for an appeal has lapsed, the order of the Workmen's Compensation Commission "in favor of the appellants must be affirmed by court."
The fallacy of this argument is found in the assumption that the appeal to the Circuit Court of Leake County from the order of the Workmen's Compensation Commission was jurisdictional. That part of section 6998-26, Miss.Code 1942 Ann. (1952), applicable to the present case is in the following language:
"The final award of the commission shall be conclusive and binding unless either party to the controversy shall within thirty (30) days from the date of its filing in the office of the commission and notification to the parties appeal therefrom to the circuit court of the county in which the injury occurred."
In the case of Grenada Bank v. Petty, 174 Miss. 415, 164 So. 316 (1935), we said: "There is a difference between jurisdiction and venue. Jurisdiction connotes the power to decide a case on the merits, while venue connotes locality, the place where the suit should be heard."
It is pointed out in 21 C.J.S. Courts § 15 (c) that: "Jurisdiction is the subject which relates to the power of the court and not to the rights of the parties as between themselves * * *."
The distinction between "jurisdiction" and "venue" has been plainly established and has been frequently recognized. Jurisdiction connotes the power to decide a case on the merits, while venue connotes locality, the place where the suit should be heard. The word "venue," unless it is given jurisdictional effect by localizing the action, relates only to the place where, or the territory within which, either party may require the case to be tried, and unless it is a local action, the question of jurisdiction of subject matter is not involved. The mere existence of general rules of venue, whether at common law or statutory form, does not of itself affect the right of the court to hear and determine foreign causes.
It is clear from the language of the foregoing Code section, 6998-26, Mississippi Code 1942 Annotated (1952), that the Circuit Court of Leake County has jurisdiction to determine workmen's compensation cases on appeal to that court from the Workmen's Compensation Commission, although it lacks venue to hear cases where the injury occurred in another county.
Our legislature has made provision for a change of venue where the court has jurisdiction but lacks venue. See § 1441, Miss. Code 1942 Ann. (1956), which is as follows:
"Where an action is brought in any circuit, chancery, county, or justice of the peace court of this state, of which the court in which it is brought has jurisdiction of the subject matter, but lacks venue jurisdiction, such action shall not be dismissed because of such lack of proper venue, but on objection on the part of the defendant shall, by the court, be transferred to the venue to which it belongs."
Since Section 6998-26, Mississippi Code 1942 Annotated (1952), permits a case to be appealed from an administrative agency to a court, section 1441, Code 1942 Annotated is applicable since it is the court mentioned therein where the action is brought and gives appellee the right to object to the venue when the appeal is taken to a court other than the court in the county in which the injury occurred. 2 Am.Jur.2d Administrative Law § 737 (1962).
*616 It is generally conceded that where a court has jurisdiction it has the power to decide the case. 2 Am.Jur.2d Administrative Law § 731 (1962). The right to have a case heard in the court of the proper jurisdiction may be lost unless seasonably asserted. Industrial Addition Ass'n. v. Commissioner of Internal Revenue, 323 U.S. 310, 65 S.Ct. 289; 89 L.Ed. 260 (1945); compare Ravesies v. Martin, 190 Miss. 92, 199 So.2d 282 (1940).
In the instant case the question was not raised as to the venue of the action until after this Court had affirmed the judgment of the trial court. We hold, therefore, that the objection that the trial court in Leake County did not have jurisdiction to try this case is not well taken. We find no other point raised in the petition for rehearing which merits our consideration.
The petition for rehearing is therefore denied.
Petition for rehearing denied.
All judges concur.