INZER, Justice:
This is an appeal by Mrs. Elsie L. Trussed and her minor daughters, Teresa and Glenda Trussed, from a judgment of the Circuit Court of Forrest County wherein that court reversed an order of the Work *60 men’s Compensation Commission awarding appellants death benefits as dependents of Lonnie L. Trussell, deceased. We reverse the judgment of the circuit court and reinstate the order of the commission as modified.
Appellants are the wife and dependent daughters of Lonnie L. Trussell, who died, during a coffee break, about 9:30 A. M. on April 14, 1967, as a result of an acute myocardial infarction. Trussell was 51 years of age at the time of his death and he had worked for appellee, American Sand & Gravel Company, for many years prior to his death. On the day of his death he went to work at about 6 A. M. and worked at his usual employment as a welder until a few minutes before he died. He and another employee, as was customary, went to the nearest cafe for coffee. Trussell ate some breakfast and while drinking a second cup of coffee slumped over. He was taken to the hospital and pronounced dead on arrival. The claim for death benefits was filed and the employer and carrier controverted the claim alleging that there was no causal connection between Trus-sell’s death and his employment. In the alternative it was alleged that Trussell had a pre-existing disease which materially contributed to his death and that any award made should be apportioned.
A hearing was had and the attorney ref-, eree found conflicting evidence as follows:
(1) that the deceased, Lonnie Trussell, sustained an accidental injury which grew out of and in the course of his employment with the employer on April 14, 1967;
(2) That the activities of his employment combined with and precipitated an underlying pre-existing condition of coronary artery disease to produce a myocardial infarction which resulted in his death on April 14, 1967;
(3) That medical evidence revealed that said pre-existing condition was a material contributing factor in producing the death of the deceased and the degree to which said condition contributed to the cause of death is hereby established to be 60 percent, with the remaining 40 percent thereof having a direct and causal relationship with the activities which he performed in the course of his employment with the employer;
(4) That dependents of the deceased were his wife, Mrs. Elsie L. Trussell, born on January 9, 1921, and two minor children, namely, Teresa Trussell, born December 11, 1960, and Glenda Trussell, born on May 17, 1949; and
(5) That the deceased received an average weekly wage of $107.03.
The order required the employer and its carrier to pay to Mrs. Trussell the lump sum of $100 as required by Section 9(a), Chapter 454, Mississippi Laws of 1958; to pay funeral expenses not exceeding $350; and to pay death benefits at the rate of $35 per week from the date of death to March 4, 1968, the date of the order; and to pay death benefits of $14 per week from March 4, 1968, for a period not to exceed 450 weeks or the maximum of $12,500.
Upon review by the full commission the order of the attorney referee was affirmed by a majority of the commission with one commissioner dissenting. Upon appeal to the circuit court that court found that the commission committed prejudicial error and entered a judgment reversing the order of the commission and dismissing the claim for death benefits. From that judgment this appeal is prosecuted.
The primary question to be decided is whether there was substantial evidence to support the order of the commission. If there was substantial evidence, the circuit court was in error in reversing the order of the commission under the well established rule that in the absence of unusual circumstances, the decision of the commission on a disputed issue of fact will be affirmed where there is substantial evidence to support such decision.
*61 After a careful review of the record in this case, we are of the opinion that there was substantial evidence to support the order of the commission. The facts in this case distinguish it from Union Producing Co. v. Dependents of Simpson, 251 Miss. 183, 168 So.2d 808 (1964) and the other cases cited and relied upon by appellee. Simpson, supra, involved the application of the doctrine of “ordinary wear and tear of life.” We have distinguished this case in a number of recent cases and it is not appliable here. In this case the proof shows that although Trussed had a history of heart disease from 1958, he was able to and did continue to work until the time of his death. He was required to, and did, work long hours. During the twelve weeks immediately prior to his death he averaged working 54 hours per week. His work as a welder not only required him to work in the shop, but he was often required to do welding work aboard barges. This involved some lifting, stooping, bending and perhaps some climbing. About a month before his death he suffered a back injury while lifting some reduction gear. This caused him severe pain and suffering. Two days prior to his death he passed out while drilling out studs on board a barge. After regaining consciousness he continued to work the rest of that day. His wife testified that his back injury caused him great pain and although it improved, it was still bothering him at the time of his death. She said he was extremely tired at night and had not been feeling well several days before his death. He had been complaining of having to do climbing in his work and stated to her that he did not feel like he was going to be able to continue to do that.
Dr. B. L. James, who was Trussell’s personal physician, testified that he examined Trussell in 1958 and found that he had an arteriosclerotic heart disease. He treated him on several occasions for this trouble and prescribed medication for him to take. Dr. James testified that in his opinion Trussell’s work was a partial causal factor in the myocardial infarction which caused his death. Appellees contend that Dr. James’ testimony is of no probative value because the appellant did not establish all the elements contained in a hypothetical question propounded to Dr. James. However, a review of his testimony in its entirety establishes that it does have probative value without the hypothetical question upon which he based his opinion. Furthermore, Dr. F. E. Tatum, a specialist in internal medicine, primarily concerned with cardio-vascular diseases, testified on behalf of appellees that in his opinion there was no causal relation with Trussell’s work and his death, admitted on cross-examination that a painful low back injury, if the pain were severe enough, could complicate and affect the course of a patient suffering from a heart disease.
We are of the opinion that the decision of the commission in this case is in keeping with our decision in many cases. Leake County Co. Op. (A. A. L.) v. Dependents of Barrett, 226 So.2d 608 (Miss. 1969); Miss. Ass’n of Ins. Agents v. Dependents of Seay, 218 So.2d 413 (Miss. 1969); Mississippi State Univ. v. Dependents of Hattaway, 191 So.2d 418 (Miss. 1966); Highway Patrol v. Neal’s Dependents, 239 Miss. 505, 124 So.2d 120 (1960); and Meridian Mattress Factory, Inc. v. Morris, 239 Miss. 792, 125 So.2d 533 (1960).
The order of the commission apportioning the award was made prior to our decision in Cockrell Banana Co. v. Harris, 212 So.2d 581 (Miss.1968), wherein we changed the rule relative to apportionment. The award in this case should have been apportioned from the date of death and the weekly and maximum benefits should also be apportioned in accordance with Mississippi Stationery Co. v. Segal, 214 So.2d 820 (Miss.1968).
For the reasons stated, the judgment of the circuit court is reversed and the order of the commission will be reinstated and affirmed in all respects except it will be *62 modified to the extent of providing- that the apportionment of the death benefits should begin from the date of the death of the employee and be applicable both to weekly and maximum benefits. Judgment will be entered here accordingly.
Reversed and judgment here for appellants.
GILLESPIE, P. J., and RODGERS, BRADY and ROBERTSON, JJ., concur.