GILLESPIE, Presiding Justice:
Billy Howard Barrett, an employee of Leake County Cooperative, died on February 7, 1967. His dependents made claim for compensation benefits. The attorney referee and the Workmen’s Compensation Commission denied compensation. On ap *388 peal to the circuit court, the order of the commission was reversed, and death benefits were awarded the dependents of the deceased employee. The employer and its compensation carrier appealed to this Court. The case was affirmed as to liability and remanded to the commission for apportionment of benefits due to deceased’s pre-existing heart condition as provided by Mississippi Code 1942 Annotated, Section 6998-04 (Supp.1970). The facts are stated in the former opinion. Leake County Cooperative (A. A. L.) v. Dependents of Barrett, 226 So.2d 608 (Miss.1969).
On remand Dr. Loutrelle Stribling was of the opinion that decedent's fatal heart attack was caused fifty percent from his pre-existing heart disease and fifty percent from the duties of his employment. Dr. William H. Rosenblatt was of the opinion that the duties of decedent’s employment contributed less than one percent to his heart attack. Dr. Leo Elson was of the opinion that the duties of the employment contributed to decedent’s heart attack only Ji,3oo of one percent.
Thereupon the attorney referee found that the duties of the deceased’s employment contributed one percent or less to his death, and 99 percent or more was related to and caused by his pre-existing heart disease. Compensation benefits of one percent, or $125, were awarded to the dependents. This award was affirmed by the commission, and the dependents of the deceased employee appealed to the Circuit Court of Madison County, and that court affirmed the order of the Workmen’s Compensation Commission. The claimant appealed to this Court.
It was found as a matter of law that the deceased employee’s death was causally related to the duties of his employment. Implicit therein was the finding that the duties of his employment substantially contributed to his death. A mere nominal sum may not be awarded when there is liability for death benefits.
We, therefore, reverse the order of the circuit court which affirmed the order of the commission awarding nominal compensation and remand the case to the commission for the sole purpose of applying the apportionment statute by awarding substantial benefits to decedent’s dependents.
Reversed and remanded to the commission.
All Justices concur.