PATRICK McEVOY v. NEBRASKA & IOWA INSURANCE
COMPANY.

FILED JANUARY 21, 1896.    No. 5979.

1. Insurance: PREMIUM NOTES: WAIVER OF DEFAULT. A clause
providing that an insurance policy shall be suspended during the
time the premium note shall remain unpaid after maturity, is
for the benefit of the company and may be waived by the insurer.

2. ———: ———: ACTION ON NOTES: MEASURE OF RECOVERY.
A promissory note of date May 11, 1889, and due June 1, 1889,
was executed and delivered by the party insured to an insurance
company for the entire amount of the premium for a policy of
fire insurance insuring his property for a stated term.    The con-
tract of insurance and the note each contained a statement by
which it was agreed that, if the assured failed to pay the note at
maturity, the liability of the company under the policy for any
loss or damage to the property insured happening thereafter, and
during the continuance of such default, should be suspended.
Default was made in the payment of the note when due.    In a
suit on the note a recovery may be had for the full amount of it
or any unpaid balance thereof.

ERROR from the district court of Douglas county.    Tried
below before FERGUSON, J.

*W. S. Poppleton,* for plaintiff in error.

*Montgomery & Hall, contra.*

HARRISON, J.

This is an action for the balance due upon a promissory
note of date May 11, 1889, and due June 1, 1889, in the

sum of $225, given for the amount of the premiums for
fire insurance issued and procured for the plaintiff in er-
ror by the Nebraska & Iowa Insurance Company, payee of
the note. There had been payments made aggregating. in
amount $97.50. The insurance company recovered judg-
ment in the district court, and the case is presented to this
court for review by error proceedings on behalf of the los-
ing party there. It was a part of the insurance contract,
and also stated in the note in suit, that if default was made
in payment of the note when due, the company was ab-
solved from liability during the continuance of such de-
fault, and the contract of insurance to be null and void
during such time.

It is urged that the judgment was contrary to the evi-
dence and to law, on the ground that there was no real con-
sideration for the note because of the clause which we have
hereinbefore indicated. A like contention was made in the
case of *Phenix Ins. Co. of Brooklyn v. Rollins*, decision re-
ported in 44 Neb., 745, with which, in the effect of the
facts and circumstances involved, the case at bar is iden-
tical, and, after a full discussion the rule was deter-
mined and announced as follows: "A clause providing that
an insurance policy shall be suspended during the time
the premium note shall remain unpaid after maturity, is
for the benefit of the company and may be waived by the
insurer. A fire insurance policy for the term of five years,
at a gross premium for the entire time, the insured giving
his note for such premium due in one year from date, con-
tained a stipulation to the effect that the failure by the in-
sured to pay the premium note when due suspended the
policy during such default, but that a subsequent payment
of the premium in full revived the policy for the remain-
der of the term. The defendant made default in the pay-
ment of such note, and in an action thereon it was held
that the company was entitled to recover the full amount
of the note." The case at bar is within the rule just

stated, and it follows that the plaintiff in error is liable for the full amount of the note or for any balance due upon it.

As a part of his answer to the petition or cause of action the plaintiff in error pleaded certain payments made upon the note after its maturity, and sought the recovery of the payments from the insurance company on the ground that the amounts were paid after the maturity of the note, and at a time when the plaintiff in error was not further liable for its payment either in whole or in part. The non-liability as to these partial payments is based upon the same reasons as were urged as to non-liability for the whole amount, and having determined it to be unavailing in regard to the whole sum evidenced by the note, it is certainly so as to a part or parts of it, and there existed no right in the plaintiff in error to a recovery of the partial payments of the note made after its maturity. The judgment of the district court is

AFFIRMED.