L. B. PRIESTER & SON, INC., et al. *v.*
DEPENDENTS OF BYNUM, DECEASED

No. 42783 November 4, 1963 157 So. 2d 399

*Lawrence W. Rabb, Joe C. Hamilton,* Meridian, for appellants.

*Ethridge, Minniece & Bourdeaux,* Meridian, for appellee.

Rodgers, J.

This is a Workmen's Compensation case. It has been to this Court previously. It came, first, on a motion to dismiss, (244 Miss. 185, 137 So. 2d 907), and, thereafter, it was heard on regular appeal (244 Miss. 185, 141 So. 2d 246). It was determined by this Court on the prior appeals that an amendment to the Workmen's Compensation Law, § 6998-02, (9), Code 1942, by the Laws of

1960, did not change the presumptive rule that a causal connection existed between the death of a laborer and his work, when the evidence showed that a laborer was found dead at the place of his employment during the hours of his work. The Court held that the case should not have been dismissed by the attorney-referee. It was remanded for a full hearing. On suggestion of error, we pointed out that the presumption of work connection is a rebuttable rule of evidence and over-ruled the suggestion of error.

This cause was again heard by the attorney-referee and the facts were finally fully developed by the evidence of the employer and carrier. The attorney-referee entered an order sustaining the claim of the dependents of deceased for workmen's compensation death benefits. The Workmen's Compensation Commission sustained the order of the attorney-referee and the circuit court affirmed the order of the Commission. On the trial of the claim before the attorney-referee, the defendants, employer and carrier, offered evidence to show the activity of the deceased about twelve o'clock on the day of his demise, and also offered medical testimony tending to show that deceased was ill and his death was probably brought about from one of three causes: a heart attack, a stroke, or acute cardiac arrhythmia. There is a conflict in the testimony as to the exact time when deceased's body was discovered, and there is also a conflict in the evidence as to when the work-day ended. The testimony for the employer tended to show that deceased was only paid to work until twelve o'clock on Saturday. On the other hand, it was shown that deceased was a foreman. He was not paid by the hour, but by the week, and it was his duty to close the shop and turn on a certain floodlight before leaving.

After taking into consideration (by agreement) the testimony of the previous record on appeal in this case, and the record as now having been developed, we are

of the opinion that the order of the Workmen's Compensation Commission and the order of the circuit judge affirming the order of the Commission, allowing death benefits, should be sustained for the following reasons.

█ █ The question as to whether or not a laborer died as a result of an injury arising out of, and in the course of, his employment, is ordinarily a question of fact to be determined by the evidence. █ █ Facts in hearings on workmen's compensation, like facts in other trials, may be established by circumstantial evidence. Sanford v. A. P. Clark Motors, Inc., 45 So. 2d 185 (Fla.); Retail Credit Company v. Coleman, 227 Miss. 791, 86 So. 2d 666; Daigle v. Crescent City Garage, Inc., 180 So. 831 (La. App.); El Patio Motor Court, Inc. v. Dependents of Jessie Long, Deceased, 242 Miss. 294, 134 So. 2d 437; Pearson v. Dixie Electric Power Ass'n, 219 Miss. 884, 70 So. 2d 6; Dunn's Mississippi Workmen's Compensation, § 163, p. 124; 100 C. J. S., Workmen's Compensation, '§ 521, at p. 495; 58 Am. Jur., Workmen's Compensation, § 450, p. 865; Chillstrom v. Trojan Seed Company, 65 N. W. 888 (Minn.).

█ █ We are of the opinion that the attorney-referee and the Commission had ample testimony on which to base an award for the claimant. The testimony of claimant shows that deceased died with his keys in his hands, at his place of duty before he had performed his final tasks of turning on the floodlights and closing the shop. Cf. Ingalls Shipbuilding Corporation v. R. C. Howell, 221 Miss. 824, 74 So. 2d 863.

Since, therefore, the referee had before him sufficient circumstantial evidence on which to base his findings that deceased died at the place of his employment, during work hours, a rebuttable presumption arose that deceased met his death as the result of an injury arising out of, and in the course of, his employment. M. & W. Construction Company v. Dependents of Horace Victor Bugg, Deceased, 241 Miss. 133, 129 So. 2d 631. Cf.

Brookhaven Steam Laundry v. Watts, 214 Miss. 569, 59 So. 2d 294; Henry v. D. A. Odell Motor Car Company, 253 N. W. 110 (Minn.); General Accident, Fire and Life Assurance Corporation v. P. J. Donovan, 251 F. 2d 915 (D. C.); Viola Rose Sullivan v. Suffolk Peanut Company, 171 Va. 439, 199 S. E. 504, 120 A. L. R. 677.

The Commission determined that the evidence introduced on rehearing by the employer and carrier was not sufficient to overcome the presumption of causal connection, and we are of the opinion that there is ample evidence on which the Commission could base its judgment. See Goodnite v. Farm Equipment Company, 234 Miss. 342, 103 So. 2d 391; Dunn's Mississippi Workmen's Compensation, § 164, p. 125; Russell v. Sohio Southern Pipe Lines, Inc., 236 Miss. 722, 112 So. 2d 357.

It is next contended that the Commission and the circuit court erred in not fixing a percentage award by which the pre-existing health condition of deceased contributed to his death. Section 6998-04 of the Workmen's Compensation Act, as Amended by Chap. 277, Laws of 1960, is in the following language:

"Compensation shall be payable for disability or death of an employee from injury arising out of and in the course of employment, without regard to fault as to the cause of the injury, subject to the following:

"Where a pre-existing physical handicap, disease or lesion is shown by medical findings to be a material contributing factor in the results following injury, the compensation which, but for this paragraph, would be payable shall be reduced by that proportion which such pre-existing physical handicap, disease or lesion contributed to the production of the results following the injury."

It is apparent from the above-quoted code section that before the Workmen's Compensation Commission is authorized to reduce an award due the injured laborer or his dependents, it must be shown by medical find-

ings, not only that there was a pre-existing handicap, disease or lesion, but that such pre-existing disease, handicap or lesion contributed to the results following the injury. In the instant case there was no medical evidence introduced of record from which the Commission could reasonably conclude that Bynum's pre-existing diseases contributed to his death. On the other hand, the testimony introduced for the employer and carrier is to the effect that the doctor was of the opinion that the cause of Clarence Edward Bynum's death was "unexplained." The Commission was correct in refusing to reduce the award because of a pre-existing disease. Cuevas v. Sutter Well Works, 245 Miss. 478, 150 So. 2d 524; Federal Compress and Warehouse Company v. Dependent of Morphis Clark, Deceased, 246 Miss. 868, 152 So. 2d 921; Southeastern Construction Company v. Dependent of S. W. Dodson, 247 Miss. 1, 153 So. 2d 276.

The judgment of the circuit court, sustaining the order of the Workmen's Compensation Commission, awarding death benefits to the dependents of Clarence Edward Bynum, is hereby affirmed.

Affirmed.

*Lee, P. J., and Kyle, Ethridge and Jones, JJ., concur.*