191 So.2d 418 (1966)
MISSISSIPPI STATE UNIVERSITY and United States Fidelity & Guaranty Co.
v.
DEPENDENTS of Orrin E. HATTAWAY, Deceased.
No. 44053.
Supreme Court of Mississippi.
October 24, 1966.
Suggestion of Error Overruled November 14, 1966.
Charles H. McCraine, Jr., Houston, for appellant.
P.L. Douglas, Starkville, for appellees.
PATTERSON, Justice.
This is a workmen's compensation case. It arises from an order of the Circuit Court of Monroe County, Mississippi, which awarded dependency death benefits under the Workmen's Compensation Act to the widow and child of Orrin E. Hattaway, *419 deceased. This order reversed that of the attorney-referee and the full commission. We affirm the judgment of the circuit court.
The sole question raised on this appeal is whether the lower court erred in overruling the findings and order of the attorney-referee and the full commission in awarding compensation benefits to the claimants.
On the morning of November 5, 1962, Orrin E. Hattaway fell dead in the office of the Mississippi State University Animal Husbandry Department at Prairie, Mississippi, his place of employment. He had reported to work at approximately seven o'clock feeling well and in apparent good health. At 7:30 a.m. he began welding some iron legs to an Air Force container for the purpose of converting the same into a stock water tank. After welding on this container for approximately five minutes he went to the office of his superior, Fairl Bowlin, the superintendent of the Experiment Station, and stated to him that the paint had made him awfully nauseated and that it was burning his nose. Bowlin testified that Hattaway went outside and vomited and came back into the office for a few minutes and then returned to the shop and started welding again, and "in three or four minutes he come back to the office and told me again, said, `I never have had paint to make me sick before' said, `I've welded all my life and it never made me sick before', and he went outside and vomited and stood around there a little bit in the fresh air and he come back through the office and walked back into the shop and raised up some windows, and then he come back into the office and sat down with his back to the heater and he sat there a few minutes and he tried to get up and he got up and tried to say something to me and I had my back to him at the time and I heard him try to say something to me and I turned, and he fell on the concrete floor and hit his head real hard on the concrete floor above his eye  around his nose  his head was the first thing hit the floor and he got a pretty hard blow on his head, and I jumped up and grabbed him and me and the negro put him in the truck and brought him to the hospital at that time." Hattaway was pronounced dead on arrival at the hospital. The attending physician testified that he did not know the cause of decedent's death.
From these facts, there being no autopsy, the point to be determined by this Court is whether there was a causal connection between decedent's employment and his death.
The following factors are apparent: (1) Hattaway felt good at the time he arrived for work on the morning of his demise; (2) he had no history of previous serious illnesses; (3) the welding on the Air Force container was in the course of decedent's employment; (4) the fumes from this welding, according to the deceased's testimony, caused him to become ill; (5) he died immediately thereafter; and (6) finally, the cause of death is totally unexplained. In 1 Larson, Workmen's Compensation Law § 10.32 at 108, Unexplained Deaths (1964) we find the following statement:
When an employee is found dead under circumstances indicating that death took place within the time and space limits of the employment, in the absence of any evidence of what caused the death, most courts will indulge a presumption or inference that the death arose out of the employment.
Larson cites thereunder L.B. Priester & Son, Inc. v. Dependents of Clarence Edward Bynum, 247 Miss. 664, 157 So.2d 399 (1963); Winters Hardwood Dimension Co. v. Dependents of Harris, 236 Miss. 757, 112 So.2d 227 (1959); and Pearson v. Dixie Electric Power Ass'n, 219 Miss. 884, 70 So.2d 6 (1954). Dunn, Mississippi Workmen's Compensation § 166 (1965 Supp.) under Evidence, Presumptions, Burden of Proof states:
However, it is now well settled in this jurisdiction that the presumption under review applies to the issue of "causal connection" as well as to that of the "course *420 of employment." The rule is that a presumption of a causal connection exists between the employment and the injury or death when the onset of the disability occurs while the employee is about his work and engaged in the duties of his employment.
In addition to the three cases cited above by Larson, Dunn cites these Mississippi cases: Russell v. Sohio Southern Pipe Lines, Inc., 236 Miss. 722, 112 So.2d 357, (1959); Shannon v. City of Hazlehurst, 237 Miss. 828, 116 So.2d 546 (1959).
In Priester, supra, we find this rule of law announced as follows:
Since, therefore, the referee had before him sufficient circumstantial evidence on which to base his findings that deceased died at the place of his employment, during work hours, a rebuttable presumption arose that deceased met his death as the result of an injury arising out of, and in the course of, his employment. (247 Miss. at 669, 157 So.2d at 400.)
In Winters, supra, following a discussion of the rules as set forth in Larson and Dunn, this statement was made by the court:
The parties take issue as to whether the cause of death was a heart attack or heat stroke. Whether Harris died of the one or the other causes does not carry great weight as to liability in this case. Either could have produced death and, so far as the evidence in this record is concerned, the work he was doing likely contributed to, or aggravated the cause of, his death  at least such conclusion was amply justified by the undisputed evidence in this case. (236 Miss. at 763, 112 So.2d at 230.) (Emphasis added.)
In view of these authorities and our decisions we reject appellant's contention that the inference of casual connection between employment and death can only be indulged when the decedent is "found dead" at his place of employment and that its application would be inappropriate when an employee "falls dead" in the presence of other employees. We feel that such a construction as urged by appellant would, at best, be strained and contrary to the humane provisions of the act.
The onset of the decedent's illness having occurred while the decedent was about his work and engaged in the duties of his employment, a presumption arises of causal connection between the illness and death. This was sufficient to place upon the employer the burden of overcoming this presumption by proof, and in his failure so to do, we are of the opinion the cause should be affirmed.
Affirmed.
All Justices concur except GILLESPIE, P.J., who dissents.
GILLESPIE, Presiding Justice (dissenting).
In my opinion, the facts and circumstances surrounding the duties of Mr. Hattaway's employment from the time he came to work until he collapsed were fully shown by the evidence. Under such circumstances the presumption referred to in the majority opinion does not arise. Union Producing Co. v. Dependents of Simpson, 251 Miss. 183, 168 So.2d 808 (1964); Connell v. Armstrong Tire and Rubber Co., 242 Miss. 280, 134 So.2d 435 (1961); Highway Patrol v. Dependents of Neal, 239 Miss. 505, 124 So.2d 120 (1960).
I am of the opinion therefore that claimants failed to meet the burden of proof.