RODGERS, Justice.
This is a Workmen’s Compensation case for death benefits. It came to this Court from a judgment of the Circuit Court of Harrison County, Mississippi, in which the circuit court affirmed an order of the Workmen’s Compensation Commission denying compensation death benefits to the dependents of Edward Anthony Hunger-ford. The attorney referee, after hearing the evidence, awarded compensation to the claimants. The Southern Shell Fish Corn-pany and its insurance carrier, Mutual Liability Insurance Company of Wisconsin, defendants, appealed to the full Commission. The claimants cross-appealed to the Commission and thence to the circuit court, and finally to this Court.
The appellees-defendants have filed a motion to strike the appellant’s second assignment on appeal because it was not submitted to the circuit court. We do not believe, however, that it is necessary to pass upon this issue because we are convinced that there is sufficient evidence before the Commission on which to base its order denying the claim of the claimants for death benefits.
The deceased workman, Edward Anthony Hungerford, was an employee of Southern Shell Fish Company as a processor during the processing season. At the time of his death he was one of five workmen retained to do odd jobs after the processing season was over. He was observed moving about from time to time at the place of his employment on the date of his death. He went home for lunch and after he returned to work he was seen by a witness sitting in a chair. Later, at about 3:00 o’clock P.M., he went to a place under the building. The temperature under the factory “was hot.” He first sat down a few minutes and got up and walked a few feet, but returned to sit down. The witness did not see the deceased fall, but did hear a noise that caused the witness to look at the deceased.' He was on the ground on his side. He made no cry for help, but did make “a groaning sound.” He appeared to be “holding his chest.” There was no autopsy performed upon the deceased. The medical testimony — based upon the foregoing facts and because the deceased’s clothing was wet with sweat— indicated that deceased died as a result of “an acute myocardial infarction.” The doctor also testified that because of a previous history of angina chest pains at his work, “we would have to say that probably this had something to do with his demise.”
*60 In the first place, the burden of proving the claim of the dependents for compensation benefits is upon the claimants to show that the injury or death is causally related to his employment. In order to establish their claim it is not only necessary to show that the deceased was an employee of the defendant actually engaged in his employment at the time of his death, but it is essential that his death must have arisen out of as well as in the course of his employment. It must have been causally connected with his work. Ingalls Shipbuilding Corporation, et al. v. Howell, 221 Miss. 824, 74 So.2d 863 (1954); Insurance Department of Mississippi, et al. v. Dinsmore, 233 Miss. 569, 102 So.2d 691, 104 So.2d 296 (1958).
It is true that a rule of evidence has been established by case law in this and other states that when an employee is found dead at a place where his duties required him to be, or where he might properly have been in the performance of his duties during the hours of his work, there is a rebuttable presumption that there was a causal connection between his injury and death and his employment. Leake County Cooperative (AAL) v. Dependents of Billy Howard Barrett, 226 So.2d 608 (Miss.1969); L. B. Priester & Son, Inc. v. Dependents of Bynum, et al., 247 Miss. 664, 157 So.2d 399 (1963); Winters Hardwood Dimension Co. v. Harris’ Dependents, 236 Miss. 757, 112 So.2d 227 (1959).
It is also true that we held that the dependents of a deceased who fell dead in the presence of fellow employees were entitled to have the court consider the presumption of causal connection between the employee’s death and his employment. In that case, however, the employee complained that the paint being burned by his welding torch was making him sick. After vomiting, “he fell on the concrete floor and hit his head real hard on the concrete floor above his eyes — around his nose — his head was the first thing to hit the floor * * There was no autopsy, and it was obvious that there were circumstances shown in evidence which, when unexplained, required the Commission to consider the causal connection presumption and award compensation. Mississippi State University v. Dependents of Hattaway, 191 So.2d 418 (Miss.1966). It will be noted, however, that in all the cases where the presumption of causal connection with employment has been used in awarding compensation, there have been circumstances and inferences from the evidence which were left unanswered, so that the presumption of causal connection with the employment of the deceased was not rebutted.
In the instant case, all the evidence was before the Workmen’s Compensation Commission. If we give full weight to the presumption that the deceased’s death was causally connected with his employment, the presumption must give way to the facts shown to the contrary. If we consider that the medical testimony for the claimant shows “probably this [his work] had something to do with his demise,” still there is no testimony to show that the deceased workman “over-extended himself,” and the medical opinion testimony for the defendant is to the contrary. The Workmen’s Compensation Commission determined from the whole evidence, including the presumption of causal connection, that “the deceased did not sustain al compensable injury or death within the scope of the Workmen’s Compensation Act.”
We are of the opinion that the Commission had substantial evidence on which to base its order and that the circuit court was correct in sustaining the order of the Commission.
We, therefore, affirm the judgment of the circuit court denying the claim of the appellants.
Affirmed.
GILLESPIE, P. J., and BRADY, PATTERSON and SMITH, JJ., concur.