ETHRIDGE, Chief Justice:
The attorney-referee, the Workmen’s Compensation Commission, and the Circuit Court of Monroe County denied compensation benefits to the dependents of Curtis R. Mize, deceased. We affirm.
Mize, an electrician, was an employee of Hankins Electric Company, a subcontractor on a government housing project in Aberdeen. He and John Young, a helper, were engaged in installing residential type wiring in the several small houses in the project. On the evening of December 11, 1967, Mize suffered a blackout spell for several minutes while driving home in his personal automobile, but his motor functions were *628 not impaired by it. The next day he returned to work and that afternoon, after working on one of the houses, he walked about eighty feet to the next house, carrying his “tool truck,” as Young stated, or his tool box. He left it at the next house and while walking back, he slumped to the ground. Dubois, a carpenter, ran to him and lifted his head and shoulders. Foam was running from his mouth, he gasped or gagged, began turning blue, involuntarily urinated, and died within a matter of minutes. He was dead when Dr. Turnage arrived. Turnage said that he inspected Mize’s head and made a cursory examination of his body. He ruled out any accident or trauma being the cause of his death. He did not know what caused the employee’s death.
A cardiologist and a neurologist testified for defendants. Their conclusions were that Mize suffered a mechanism death, involving some alteration in the induction or rhythm system of his heart. They ruled out a brain hemorrhage, since the blackout on the previous evening had not affected his motor nerves. They were of the opinion that there was no connection between his work and the mechanism disturbance; that probably Mize was suffering from a degenerative heart disease with impaired blood supply to the conduction system of the heart, which produced the initial blackout and théh the fatal episode. The Commission found that the evidence was “insufficient to show that there was any causal relationship” between death and employment.
This case is quite similar on its facts and issues to Hungerford v. Southern Shell Fish Company, 230 So.2d 59 (Miss.1969). Where an employee is found dead at his place of work, there is a rebuttable presumption that there is a causal connection between his death and employment. However, this is a rebuttable presumption, and where all the evidence is before the Commission, the presumption “must give way to the facts shown to the contrary.” Hungerford v. Southern Shell Fish Co., supra.
In the instant case the Commission justifiably determined that the presumption of causal connection was rebutted, and that from the whole evidence the claimants did not offer any substantial evidence to show a work-connected death. The witnesses testified as to all of the circumstances surrounding Mize’s death. The doctor who was claimants’ witness did not know the cause of death. The two specialists, having been advised of the circumstances on a hypothetical question, concluded that the employee’s work did not contribute to his death. There was substantial evidence to support this finding. Young referred to a “tool truck,” but he did not describe that object. Presumably he meant a tool box used by electricians, but at any rate there was no testimony as to its size or weight, and consequently there was no evidence that Mize’s lifting it for the short trip to the adjoining building could have contributed to his death.
Affirmed.
JONES, PATTERSON, INZER and ROBERTSON, JJ., concur.