PATTERSON, Justice.
This is an appeal from a judgment of the Circuit Court of Marshall County in a workmen’s compensation case. The judgment of the circuit court reversed an order of the Mississippi Workmen’s Compensation Commission which denied the claims of the appellee for compensation.
The claimant is the widow and sole dependent of Marvin B. Clark, deceased. Her claim for compensation is based upon disability benefits alleged to have accrued to her husband as the result of an injury to his back and for death benefits on the basis that this injury and its resulting consequences aggravated a pre-existing heart condition which brought about his death.
Prior to his death Clark was engaged by Southern Brick & Tile Company as a manufacturing foreman. While so employed on November 17, 1965, he fell from a ladder into a pile of brick, injuring his back. He was referred to a local doctor who sent him to Dr. Scott, an orthopedic specialist who treated him for his injury and released him on March 3, 1966, to return to light work. From March 3, 1966. until June 17, 1966, though in pain, he engaged himself in the “light work” permit *693 ted by the doctor. On the latter date his back again troubled him and he was referred to Dr. Scott who treated him continuously until February 9, 1967. This treatment culminated in surgery and a spinal fusion on February 9, 1967. Clark did not return to his employment from June 17, 1966, until his death.
On June 7, 1967, Clark left Holly Springs, Mississippi, and journeyed to Dallas, Texas, where he died the following day. The actual cause of his death is unknown. No autopsy was performed nor does the coroner’s report disclose authoritative information as to the cause of death since the coroner was a lay person who completed his report from hearsay information.
The carrier paid all medical and hospital expenses and temporary total benefits through March 20, 1967. The payment of temporary total benefits thereafter was suspended as the result of a medical report from Dr. Scott which indicated that Clark had reached maximum recovery. At the time of his death Clark’s condition was being studied by Dr. Scott for the purpose of re-evaluation of the permanent partial disability.
It is stipulated that the carrier has paid to the widow the workmen’s compensation benefits in full from the date of the back injury to the date of the death of her husband.
It was also stipulated that the deceased suffered a myocardial infarction on or about February 28, 1964, while in the employ of Southern Brick & Tile Company and that this claim has been settled.
The deposition of Dr. Scott was introduced by the claimant. He gave testimony that he was informed of the myocardial infarction suffered by Clark and that “he was on anti-coagulation therapy at that time and also told me that he had a pro-thrombin time run the day he came in and that he took Peritrate because of his cardiac condition.” The doctor further testified that Clark had a compression fracture of a lumbar vertebra as the result of his fall which was quite painful to him and that a mild gibbus had developed in his back. This was described as the result of a spinal compression which permitted the spine to become more prominent and to cause persistent pain. A myelogram was performed which revealed no abnormality as to nerve root compression or cord compression. However, due to the pain and discomfort a spinal fusion was performed.
He further testified that Clark thereafter had quite a bit of pain for which he was readmitted to the hospital. Though the X-rays showed the fusion mass to be solid, he was put on therapy each day with massage heat and attempts were made to loosen the muscles of his back. The doctor was then asked whether he could with any degree of medical certainty express an opinion as to whether or not the back injury, the pain and suffering resulting therefrom, precipitated or had been a contributing factor to the heart attack which allegedly caused Clark’s death. The doctor responded: “Well, we know that is a medical possibility that it does happen, yes, sir.”, and “It could have, yes, sir.”, and again, “It is possible that it had a causal relationship, because they seem to think that everyday tensions have relationship, too. Highly motivated stressful situations do produce this problem, like lawyers.” He also testified that he could not state the heart condition was secondary to the back injury and its consequences. He finally testified that from the description of Clark’s death it did not appear to him that Clark had died from a heart attack, and that to indulge this supposition would be mere conjecture. The doctor stated that he could not tell the cause of death.
The claimant testified that from the time of Clark’s injury until his death he suffered persistent pain, mental depression, and that his health appeared to be deteriorating. She further testified that it was necessary for him to take medication due to the previous myocardial infarction. The *694 testimony of several lay witnesses, neighbors, corroborates fully the testimony of the claimant. The defendants offered no proof.
The commission found from this evidence that the claimant had failed to prove within reasonable medical probabilities that the decedent’s back injury with its resulting surgery, aggravated, accelerated, or contributed to Clark’s pre-existing heart condition in bringing about his death. It therefore denied death benefits under the compensation act. The circuit court on appeal reversed this order holding the claimant had made a prima facie case sufficient to impose upon the employer the burden of going forward with the evidence to establish that Clark’s death was not the result of the injury sustained by his fall. We reverse.
The cases of Washington v. Greenville Manufacturing & Machine Works, 223 So. 2d 642 (Miss.1969), and Mississippi State University v. Dependents of Hattaway, 191 So.2d 418 (Miss.1966), relied upon by the trial judge as the basis for his decision, are not in point. In Washington, supra, this Court reversed the circuit court, which had affirmed the Workmen’s Compensation Commission, for the reason that there was no evidence to support the doctor’s assumption of fact that the decedent was engaged in his “usual” work routine immediately prior to his death. The “usual” work activity assumed by the doctor was necessary to his diagnosis that the death of the employee was caused by a heart condition unrelated to employment. Without the erroneous assumption of fact there was no basis to support the commission’s finding that the decedent’s work activities did not contribute to his death. Under these circumstances, lack of evidence, this Court indulged the familiar presumption that there was a causal connection between the employment and death since the onset of the illness occurred while the employee was engaged in his duties at his place of employment.
In Hattaway, supra, we again indulged the presumption that the employee’s death was causally related to employment since there was evidence that his work activities had contributed to his illness and sudden, unexplained death. We there stated:
The onset of the decedent’s illness having occurred while the decedent was about his work and engaged in the duties of his employment, a presumption arises of causal connection between the illness and death. This was sufficient to place upon the employer the burden of overcoming this presumption by proof, and in his failure so to do, we are of the opinion the cause should be affirmed. (191 So.2d at 420)
The commission was reversed for the reason there was no evidence to indicate the cause of death and in its absence the presumption arose and being unrebutted death benefits were allowed.
In both cases there was evidence that the decedents were at their place of business and engaged in their employment at the time of death. This gave rise to the presumption of causal connection between the work activity and death. It was indulged in the first instance because there was no evidence on the work activity of the decedent prior to his death. It was indulged in the second instance because the cause of death was unexplained. In both instances, there being no evidence on the points mentioned, the presumption was indulged to carry out the beneficent intentions of the act.
The presumption of causal connection must be denied presently since there is evidence to support the commission’s findings that the employee’s death was not causally related to his employment. The record reflects that the decedent was several hundred miles from his place of work at the time of death. The record additionally discloses that death occurred some nineteen months subsequent to the decedent’s injury. The opinion of the only medical expert who testified was the decedent did not die as a result of a heart condition. The cause of death was thus *695 unknown and was so remote in time and space from employment and place of work as to leave it speculative in the extreme.
The case relied upon most heavily by the appellee, Futorian-Stratford Furniture Co. v. Dependents of Oswalt, 249 Miss. 35, 162 So.2d 645 (1964), in support of claimant’s position is not in point since the medical expert there testified that there was a material relationship between the employee’s injury and death. The medical expert in this case testified to the contrary. This distinguishes the cases. The present claim must be denied since there is substantial evidence to support the finding of the commission. Malone & Hyde of Tupelo v. Hall, 183 So.2d 626, 627 (Miss.1966); Harbert Construction Co. v. Hughes, 250 Miss. 858, 168 So.2d 506 (1964) and cases therein cited.
The appellee contends that she is entitled to recover the unaccrued installments of disability benefits as a part of the estate of her husband, where death benefits are not applicable, citing Mississippi Code 1942 Annotated section 6998-09 (1956) as authority therefor. The case of L. B. Priester & Son v. McGee, 234 Miss. 471, 106 So.2d 394 (1958), is decisive of this issue. We there held that the heirs of an employee decedent were entitled to collect the disability benefits which had accrued at the time of the death of the employee, together with interest and damages, but no more under the award. See also M. T. Reed Construction Co. v. Martin, 215 Miss. 472, 61 So.2d 300, 63 So.2d 528 (1958). We conclude this contention to be without merit.
The case is reversed and the order of the Workmen’s Compensation Commission reinstated for the reason there is substantial evidence to support its finding.
Reversed and the order of the Workmen’s Compensation Commission Reinstated.
GILLESPIE, P. J., and INZER, SMITH and ROBERTSON, JJ., concur.