258 So.2d 421 (1972)
Mrs. Pauline McCARLEY, Administratrix of the Estate of Robert McCarley, Deceased
v.
IUKA SHIRT CO. and United States Fidelity & Guaranty Company.
No. 46540.
Supreme Court of Mississippi.
February 28, 1972.
Clark & Clark, Iuka, for appellant.
Scribner & Brewer, Tupelo, for appellees.
INZER, Justice:
This is an appeal by Mrs. Pauline McCarley, dependent wife of Robert McCarley deceased, from a judgment of the Circuit Court of Tishomingo County affirming an order of the Workmen's Compensation Commission denying her dependent benefits. We affirm.
Prior to his death on March 17, 1970, Robert E. McCarley had been employed by appellee, Iuka Shirt Company, as a mechanic for about thirteen years. At about 10 A.M. on March 17, 1970, while repairing a sewing machine, he suddenly gasped and slumped to the floor. Dr. Harry Cosby, a general practitioner, was called and he arrived at the plant in a short time. He testified that when he saw the deceased he was on a couch in the lounge. His testimony as to what transpired is as follows:
As soon as I entered the scene, I began to give him external cardiac massage. His blueness began to clear. We began to get a pulse that was produced only by our compression. As soon as we would quit, there would be no pulse. We continued with that a short length of time, 10 or 15 minutes, and continued to do that as the ambulance came there. The ambulance trip was about a mile and a half, we continued with external cardiac massage and brought him into our emergency room, where we put him on a resuscitator, called a crash cart, and then by hydraulic pressure we continued with external cardiac massage and artificial respiration on the machine for about 30 minutes until we were satisfied that he would not revive.

*422 Q. What was 
A. It may have been longer than 30 minutes  I would say 30 to 45 minutes  but a good adequate length of time that we saw separation of the blood in the retina of the eyes, which is paramount to death.
Dr. Cosby stated that from a clinical standpoint he diagnosed the cause of McCarley's death the result of a coronary thrombosis or occlusion which are the same. When asked a hypothetical question covering the deceased's work activities on the day in question, Dr. Cosby did not relate the deceased's work activities to his heart attack, but did not entirely exclude his activities as having some relation thereto. However, the same hypothetical question was propounded to two medical experts in this field, and they stated in their opinion McCarley's work activities did not cause or contribute to his death.
Several employees at the plant testified relative to the work activities of McCarley on the day in question, and their testimony showed without any material conflict that he was engaged in his usual work activity. In fact, when he was stricken he was using an ordinary ten inch screw driver to adjust a buttonhole chute on a machine. There was nothing strenuous about the work he was doing or had done on this day.
Since appellant died while at work, the sole question involved in this appeal is whether the employer-carrier rebutted the presumption of causal connection between the death and the employment. It is a well-settled rule in this state that when an employee dies while about his employment, a presumption arises that his death was causally related to his work activity. This is a rebuttable presumption, but before it can be overcome, the employer must explain fully the cause of death and the work activities of the employee to show that there was no causal connection between the death and the work activity. City of Okolona v. Dependent of Harlow, 244 So.2d 25 (Miss. 1971); Washington v. Greenville Manufacturing & Machine Works, 223 So.2d 642 (Miss. 1969); and Mississippi State University v. Hattaway, 191 So.2d 418 (Miss. 1966).
Appellant does not argue that the cause of McCarley's death was not fully explained and that he died of a coronary thrombosis. Therefore, the only question involved is whether the evidence on behalf of the employer-carrier is sufficient to fully explain the work activities of the deceased on the day in question. Appellant argues that the fact that McCarley was required to service over 200 machines with only one helper put an undue mental strain on him. However, McCarley never complained about being under any particular strain and he was not a nervous or excitable person. His fellow employees and his supervisor all said he was a devoted employee and very diligent in his work. The ladies who operated the machines would often ask him to hurry and get their machines back in working order, but insofar as the record shows, this did not seem to unduly upset or disturb him.
While our sympathy is with the appellant, the widow, we cannot say after a careful review of the evidence in this case that there was not substantial evidence from which the commission could find that the employer met the burden placed upon him to overcome the presumption of causal connection. We are constrained to affirm the judgment of the circuit court.
Affirmed.
GILLESPIE, C.J., and JONES, BRADY and ROBERTSON, JJ., concur.