McMILLIN, C.J.,
for the Court:
¶ 1. Barbara Dawn Underwood sought workers’ compensation benefits for an injury she claimed to have suffered while employed by McRae’s, a business organi *401 zation operating a number of retail department stores. The Mississippi Workers’ Compensation Commission denied Underwood’s claim, and she filed a notice of appeal of that decision to the circuit court as permitted by Section 71-3-51 of the Mississippi Code of 1972. The notice of appeal stated that Underwood was appealing to the Circuit Court of First Judicial District of Hinds County.
¶ 2. After more than thirty days had passed from the entry of the Commission’s order denying Underwood’s claim, McRae’s filed a motion with the circuit court to dismiss the appeal for lack of jurisdiction. The motion claimed that Underwood’s injury was alleged to have occurred while she was working at a McRae’s store located in North Park Mall, a retail mall located in Madison County. McRae’s motion claimed, therefore, that Underwood had appealed to the wrong court since Section 71-3-51 of the Mississippi Code of 1972 provided that an appeal must be filed “to the circuit court of the county in which the injury occurred.” Miss.Code Ann. § 71-3-51 (Rev.2000). The trial court, concluding that the motion had merit, dismissed the appeal for lack of jurisdiction.
¶ 3. Underwood has appealed that decision to this Court. She concedes that her injury did, in fact, occur in Madison County but she argues that the issue of the proper county in which her appeal could be heard was a question of venue and not jurisdiction. She contends that the only available remedy for McRae’s was to have the appeal transferred to the Circuit Court of Madison County rather than dismissed. We, agree based on existing precedent that binds this Court.
¶ 4. In Leake County Cooperative v. Barrett, the Mississippi Supreme Court held that an appeal of a decision of the Mississippi Workers’ Compensation Commission to the circuit court of a county other than the one where the injury occurred did not raise an issue of that court’s jurisdiction over the dispute. Leake County Cooperative v. Barrett, 226 So.2d 608,615 (Miss.1969). The , court applied the principle that, unless the action is a local one, bringing an action before the wrong circuit court raises only a question of venue and venue problems do not defeat the underlying authority of the court to hear and determine the merits of the cause. Id. The court concluded that an aggrieved party’s sole remedy in such case was to seek a change of venue to the circuit court of the county where the injury occurred and that a failure to timely raise the question of proper venue resulted in a waiver, thereby vesting the court, though technically the “wrong” court, with full power to decide the matter on the merits. Id. at 616.
¶ 5. McRae’s argues that Leake County Cooperative v. Barrett no longer applies because of a subsequent amendment to a statute relied upon by the supreme court in. deciding that case. The court, in its decision, relied on Section 1441 of the Mississippi Code of 1942, which provided for change of venue, rather than dismissal, in actions brought “in any circuit, chancery, county, or justice of the peace court” lacking what the statute termed “venue jurisdiction.” Miss.Code Ann. § 1441 (1942). McRae’s points, out that the current version of this statute, found at Section 11-11-17 of the Mississippi Code of 1972, is now limited to actions brought “in any justice court.” Miss.Code Ann. § 11-11-17 (Rev.2000). Thus, McRae’s argues, the statute no longer applies to circuit court matters and cannot now prevent dismissal of an appeal perfected to the wrong circuit court.
¶ 6. We find that argument to be without-merit. The procedure for handling mat *402 ters of improper venue did not change with the amendment of Section 11-11-17. Rather, the fact is simply that, in those courts of this State operating under the Mississippi Rules of Civil Procedure, such questions are now controlled by Rule 82(d). Rule 82(d) contains essentially the same provisions as previously found in the statute, as has been noted by the Mississippi Supreme Court. M.R.C.P. 82(d); see Clark v. Luvel Dairy Products, Inc., 731 So.2d 1098, 1108 (¶ 34) n. 5 (Miss.1998).
¶ 7. The underlying reasoning behind the Leake County Cooperative v. Barrett decision — that the circuit courts of this state have general jurisdiction to consider appeals from the Mississippi Workers’ Compensation Commission and that the county of injury merely fixes the proper venue — remains unaltered by the fact that the remedy for an appeal brought in the wrong venue is now found in a procedural rule rather than a statute. The Circuit Court for the First Judicial District of Hinds County erred in dismissing this appeal for lack of jurisdiction. At most, it should have treated McRae’s jurisdiction challenge as an objection to venue and transferred the appeal to the Circuit Court of Madison County.
¶ 8. As an alternative argument in its brief, McRae’s invites this Court to move beyond the issue presented by Underwood on direct appeal and consider the question of whether Underwood’s claim was barred because it was not timely filed. We decline to do so. McRae’s was quite specific in its motion as to the narrow ground on which it sought to have Underwood’s appeal dismissed. The circuit court, with equal clarity, granted relief solely on that ground. Underwood, aggrieved by that ruling, raised it as error on appeal. She has had neither the obligation nor the opportunity (except for McRae’s suggestion that she might do so in her rebuttal brief — a suggestion that, not surprisingly, Underwood ignored) to brief any additional issues. The statute provides quite clearly that the first judicial review of a Commission decision must be undertaken by the circuit court, and we will not ignore that directive in the name of expediency.
¶ 9. We reinstate Underwood’s appeal and remand for the purpose of entry of an order of the circuit court transferring venue of this appeal to the Circuit Court of Madison County under Rule 82(d).
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLEES.
KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, IRVING, MYERS and CHANDLER, JJ., concur. LEE, J., not participating.