IRVING, J.,
for the Court.
¶ 1. Dietrich Taylor appeals from a judgment of the Chancery Court of Hinds County dismissing his appeal of an adverse decision of the Mississippi Board of Nursing (Board) finding that he had violated the Mississippi Nursing Practice Act. The chancery court, pursuant to a motion to dismiss filed by the Board, dismissed Taylor’s appeal for failure to file in the county of his residence.
¶ 2. The sole issue presented in this appeal is whether the Hinds County Chancery Court erred in dismissing the appeal because it was filed in the improper venue. We determine that error occurred; consequently, we reverse and remand the case to the Hinds County Chancery Court with directions to transfer the case to Madison County, the county of Taylor’s residence.
FACTS
¶ 3. Based upon conduct occurring in Hinds County, Mississippi, the Board filed a complaint against Dietrich Taylor, a licensed registered nurse. The complaint charged Taylor with a two-count violation of the Mississippi Nursing Practice Law.[1]
¶ 4. Following an evidentiary hearing on April 3, 2002, a three-member panel of the Board sustained both charges against Taylor and afterwards revoked his license. Taylor appealed the decision of the panel to the full Board. By its final order, the full Board affirmed the panel’s decision that Taylor was guilty of violating two provisions of the Mississippi Nursing Practice Act but overturned the revocation of his license. However, the Board placed Taylor on a restricted license for a minimum of one year.
¶ 5. Feeling aggrieved by the Board’s decision, Taylor filed an appeal to the Hinds County Chancery Court on November 12, 2002. In response to Taylor’s appeal, the Board filed a motion to dismiss *1017 which asserted (1) Taylor’s notice of appeal was not timely filed and (2) Taylor failed to file his appeal in the appropriate chancery court (i.e., Madison County Chancery Court), the chancery court of the county wherein he resided, pursuant to Mississippi Code Annotated section 73-15-31(10). The Hinds County Chancery Court found that the notice was timely filed but granted the Board’s motion to dismiss because of Taylor’s failure to file in the county of his residence. Aggrieved by the chancery court’s decision, Taylor filed a timely appeal.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 6. Mississippi Code Annotated section 73-15-31(10), which covers appeals from disciplinary decisions by the Board, provides:
The right to appeal from the action of the board in affirming the denial, revocation, suspension or refusal to renew any license issued by the board, or revoking or suspending any privilege to practice, or fining or otherwise disciplining of any person practicing as a registered nurse or a licensed practical nurse, is granted. Such appeal shall be to the chancery court of the county of the residence of the licensee on the record made, including a verbatim transcript of the testimony at the hearing. The appeal must be taken within thirty (30) days after notice of the action of the board in denying, revoking, suspending or refusing to renew the license, or revoking or suspending the privilege to practice, or fining or otherwise disciplining the person.
¶7. The parties concede that Taylor does in fact reside in Madison County, but Taylor argues that the issue of the proper county in which his appeal is required to be heard is a question of venue and not jurisdiction. He contends that the only available remedy for the Board was to have the appeal transferred to the Chancery Court of Madison County rather than dismissed. We agree.
¶ 8. As support for his argument, Taylor points to Underwood v. McRae’s, 811 So.2d 400 (Miss.Ct.App.2001) as applicable caselaw. In Underwood, the claimant appealed from a decision of the Workers’ Compensation Commission denying benefits. Id. at 401. Her appeal, pursuant to Mississippi Code Annotated section 71-3-51, was filed in the Circuit Court of Hinds County instead of the Circuit Court of Madison County, the circuit court of the county in which the injury occurred. Id. After more than thirty days had passed from the entry of the Commission’s order denying Underwood’s claim, McRae’s filed a motion with the Circuit Court of Hinds County to dismiss the appeal for lack of jurisdiction. Id. The Circuit Court of Hinds County granted the motion, and claimant appealed. Id. Relying upon Leake County Cooperative v. Barrett, 226 So.2d 608 (Miss.1969), this Court held that the claimant’s appeal to a circuit court of a county other than the county where the injury occurred was not subject to dismissal for lack of jurisdiction. Underwood, 811 So.2d at 402(¶ 7). This Court further held that, at most, the circuit court should have treated the employer’s jurisdictional challenge as an objection to venue and transferred the appeal to the proper circuit court. Id.
¶ 9. In Leake County Cooperative v. Barrett, 226 So.2d 608, 615 (Miss.1969), the Mississippi Supreme Court held that an appeal of a decision of the Mississippi Workers’ Compensation Commission to the circuit court of a county other than the one where the injury occurred did not raise an issue of that court’s jurisdiction over the dispute. The court applied the *1018 principle that, unless the action is a local one, bringing an action before the wrong circuit court raises only a question of venue, and venue problems do not defeat the underlying authority of the court to hear and determine the merits of the cause. Id. The court concluded that an aggrieved party’s sole remedy in such case was to seek a change of venue to the circuit court of the county where the injury occurred and that a failure to timely raise the question of proper venue resulted in a waiver, thereby vesting the court, though technically the “wrong” court, with full power to decide the matter on the merits. Id. at 616.
¶ 10. The Barrett court also explained the difference between jurisdiction and venue:
The distinction between ‘jurisdiction’ and ‘venue’ has been plainly established and has been frequently recognized. Jurisdiction connotes the power to decide a case on the merits, while venue connotes locality, the place where the suit should be heard. The word ‘venue,’ unless it is given jurisdictional effect by localizing the action, relates only to the place where, or the territory within which, either party may require the case to be tried, and unless it is a local action, the question of jurisdiction of subject matter is not involved. The mere existence of general rules of venue, whether at common law or statutory form, does not of itself affect the right of the court to hear and determine foreign causes.
Id. at 615.
¶ 11. It is clear from the language of Mississippi Code Annotated section 73-15-31 (Rev.2000), that all the chancery courts of this state have jurisdiction to determine appeals stemming from decisions of the Mississippi Board of Nurses. However, an appellant must file the appeal to the chancery court of the county of his residence. In the case at bar, the appeal was to the wrong county.
¶ 12. Rule 82(d) of the Mississippi Rules of Civil Procedure states:
Improper Venue. When an action is filed laying venue in the wrong county, the action shall not be dismissed, but the court, on timely motion, shall transfer the action to the court in which it might properly have been filed and the case shall proceed as though originally filed therein. The expenses of the transfer shall be borne by the plaintiff. The plaintiff shall have the right to select the court to which the action shall be transferred in the event the action might properly have been filed in more than one court.
¶ 13. The Hinds County Chancery Court erred in dismissing Taylor’s appeal. Therefore, we reinstate Taylor’s appeal and remand the case to the Chancery Court of Hinds County for entry of an order transferring the case to the Chancery Court of Madison County.
¶ 14. THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLEE.
McMILLIN, C. J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.

. The Mississippi Nurses Practice Law is codified as Mississippi Code Annotated section 73-15-1, et seq. The charges against Taylor were brought pursuant to sections 73-15-29(l)(c) and (e) which provide:
(1) The board shall have power to revoke, suspend or refuse to renew any license issued by the board, or to revoke or suspend any privilege to practice, or to deny an application for a license, or to fine, place on probation and/or discipline a licensee, in any manner specified in this chapter, upon proof that such person:
(c) Has negligently or willfully acted in a manner inconsistent with the health or safety of the persons under the licensee's care;
* * * *
(e) Has negligently or willfully practiced nursing in a manner that fails to meet generally accepted standards of such nursing practice.