KING, C.J., for the Court.
¶ 1. Pauline Johnson was denied Medicaid nursing home benefits by the Mississippi Division of Medicaid. Johnson sought judicial review in the Walthall County Chancery Court, which reversed Medicaid’s decision. Medicaid now appeals to this Court, raising both procedural and substantive legal issues. However, because we find that venue was improper in the Walthall County Chancery Court, we decline to address the substantive legal issues raised by Medicaid.
¶ 2. On December 10, 2004, Johnson filed a notice of appeal in the Walthall County Chancery Court. On December 14, 2004, Medicaid filed a motion for change of venue, asserting that because the final decision regarding Johnson’s Medicaid eligibility was rendered by the Executive Director for the Division of Medicaid whose principal office is located in Hinds County, venue was proper only in Hinds County. The chancery court denied Medicaid’s motion. In the court’s order reversing Medicaid’s decision, the court stated that it had jurisdiction over the appeal by virtue of Mississippi Code Annotated Section 43-13-116 (Rev.2004) “and other related statutes.”
¶ 3. Mississippi Code Annotated Section 43-13-116 governs Medicaid benefit eligibility hearings and other issues concerning Medicaid. Subsection (3)(e)(xvii) provides that after an unsuccessful eligibility hearing, “[t]he claimant is entitled to seek judicial review in a court of proper jurisdiction.” Medicaid agreed that the Walthall County Chancery Court had jurisdiction over the matter, but disagreed as to venue. Venue for all cases is governed by statute. Board of Trustees v. Slyke, 510 So.2d 490, 492 (Miss.1987) (citing M.R.C.P. 82(b)). Mississippi Code Annotated Section 11-5-1 (Rev.2004) provides that chancery court venue for all matters other than probate matters, cases involving real or personal property, or cases concerning executors, administrators, and guardians is “in the chancery court of any county where the defendant, or any necessary party defendant, may reside or be *1035 found.” It is undisputed that Medicaid does not have an office in Walthall County.
¶ 4. When a specific venue statute exists it controls over general venue statutes. Guice v. Miss. Life Ins. Co., 836 So.2d 756, 759(¶ 13) (Miss.2003). Unlike Medicaid, some state boards and agencies have specific jurisdiction and venue statues. Mississippi Code Annotated Section 75-15-31(10) (Rev.2000), for example, requires that appeals from the Mississippi Board of Nursing be brought in the chancery court of the county of the licensee’s residence. Taylor v. Miss. Bd. of Nursing, 863 So.2d 1015, 1017(¶6) (Miss.Ct. App.2004). The State Board of Public Contractors has a similar statute requiring appeals from the Board to be heard in the chancery court of the county in which the appellant resides. Miss.Code Ann. § 31-3-23 (Rev.2005). Since Medicaid has no such specific statute, Mississippi Code Annotated Section 11-5-1, the general chancery court venue statute, must apply.
¶ 5. It is well settled that for cases in which the defendant is a state agency, venue is proper in Hinds County, the seat of state government. Moore v. Bell Chevrolet-Pontiac-Buick-GM C, LLC, 864 So.2d 939, 945 (Miss.2004). Regarding venue, the supreme court has also held, “the right to be sued in the county of ones residence is a valuable right, not a mere technicality. Indeed, a chancery court has no jurisdiction over a defendant who neither resides nor is found in the county where the suit is filed, absent waiver.” Id. When a court has proper jurisdiction but not venue, the appropriate action is to transfer the case to a court where venue is proper. Miss.Code Ann. § 11-11-17 (Rev.2004). Accordingly, the Walthall County Chancery Court should have transferred Johnson’s appeal to the Hinds County Chancery Court.
¶ 6. THE JUDGMENT OF THE WALTHALL COUNTY CHANCERY COURT IS REVERSED AND THIS CASE IS REMANDED TO THE WALT-HALL COUNTY CHANCERY COURT FOR TRANSFER TO THE HINDS COUNTY CHANCERY COURT. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.