CARLSON, Presiding Justice,
specially concurring:
¶ 13. Although I fully concur with the majority opinion concerning the issue of mootness, I feel compelled to write further. This Court generally refrains from expressing personal opinions. However, because the circuit judges came to this Court seeking assistance, and because this Court has spent a substantial amount of time reviewing the pleadings, conducting research, and meeting with the judges, I believe that in today’s case, it is appropriate to interject my opinion, from the viewpoint of my nineteen years as a circuit judge as well as a Supreme Court justice for the past eleven years.
¶ 14. At the outset, I acknowledge that Hinds County presents different issues than other circuit courts in Mississippi. Hinds County is the most populous county in Mississippi,[2] and the crime rate in Hinds County is significantly higher than that in the rest of the state.[3] Because the state capítol is located in Hinds County, most cases involving state entities are filed in Hinds County courts.[4] For these reasons, more cases are filed in the Hinds County Circuit Court than in any other, and Hinds County presents issues that are unique to that circuit.[5]
¶ 15. First, I commend Judge Green’s effort to address some of the problems that have plagued the Hinds County Circuit Court for many years. But it is my opinion that, regardless of the merits of the challenges to Judge Green’s civil and criminal divisions, the divisions would not resolve the problems in Hinds County, because the issues have not been correctly defined. An answer to the wrong problem is no answer at all. What has become abundantly clear to me through the pleadings, motions, and our discussions with the judges is that the problem is not that the circuit judges need more flexibility in scheduling trials; the problem is that the judges have been far too lenient with litigants and with the district attorney’s office. Litigants have been permitted to dictate the movement of cases through the judicial system, and those in the district attorney’s office have been allowed to control the dockets.
¶ 16. On the first page of Judge Green’s Order, she stated: “Many civil cases have *486 lingered much too long on the dockets of the Hinds County [C]ircuit [C]ourt, without systematic docket calls, scheduling orders[,] or realistic trial dates. Continuances have become unavoidable agents of stagnation.” I agree that, generally, civil cases remain on the dockets far too long in Hinds County, and the same is true for many criminal cases. Judge Green correctly identified contributing factors to that problem — litigants are not given scheduling orders or trial dates, and judges have not had routine docket calls. Thus, it seems obvious to me that, in an effort to move cases through the system, the circuit court should require scheduling orders, the prompt setting of trial dates, and routine docket calls.
¶ 17. I recognize that the current judges have made an effort to have more docket calls, and I think that is a step in the right direction; but I am of the opinion that the judges should implement an internal requirement that all judges have at least one civil docket call per year. The Hinds County Circuit Court recently proposed new local rules, which were approved by this Court, that included several administrative provisions, deadlines for certain requests and cancellations, and a mediation requirement.[6] The proposed rules also included a scheduling-order requirement, but that was not retained in the final version, because this Court is considering a similar addition to the Mississippi Rules of Civil Procedure. I think the new rule requiring scheduling orders will drastically improve the rate at which cases move through the court system. In addition, mandatory scheduling orders should include trial dates, which hopefully will be an answer to a longstanding problem in Hinds County Circuit Court.
¶ 18. To Judge Green’s comment that “[continuances have become unavoidable agents of stagnation!,]” I remind the circuit court that stagnation due to granting continuances is not entirely “unavoidable.” If multiple continuances are granted in every case, and this results in stagnation, then continuances should not be granted. Litigants should be instructed that motions for extension of time and continuances will be granted only in extraordinary situations, and substantial proof should be required in support of those requests. “[T]he trial court has broad discretion in the granting or refusing of a continuance or delay!,]” and trial judges should exercise that discretion wisely. McClendon v. State, 335 So.2d 887, 888 (Miss.1976).
¶ 19. The circuit court also should enforce other rules at its disposal, such as Rule 4.04 of the Uniform Rules of Circuit and County Court Practice, which provides that “[a]ll discovery must be completed within ninety days from service of an answer by the applicable defendant.” URCCC 4.04(A). That rule requires “good cause” for an extension of the ninety-day deadline. Id. Rule 37 of the Mississippi Rules of Civil Procedure gives the court authority to sanction parties or attorneys for failure to cooperate or for abuse of the discovery process. Miss. R. Civ. P. 37(e). Rule 40 of the Mississippi Rules of Civil Procedure provides that the court does not have to wait for parties to request a trial date before putting a case on the trial docket. Miss. R. Civ. P. 40(a). The circuit court should use and enforce these procedural rules for a more efficient progression of cases.
¶ 20. In our meeting with the circuit judges, it was disclosed that Hinds County has been accused of “not trying cases.” (This comment was not made by anyone in *487 the meeting, but was a reference to something said in the media.) To defend against that allegation, one circuit judge explained that the reason more criminal cases are not set for trial is because assistant district attorneys can prepare for only a few cases each week. Judge Gowan made a similar statement in his response brief: “[T]rials are not had every week. The assistant district attorneys and public defenders can only prepare for two to four trials per week[,] and it is routine for defendants to plea[d] either the week prior to or the week of trial.” From these comments, it is apparent that the assistant district attorneys are controlling the docket. That is not the job of anyone in the district attorney’s office. The responsibilities of the district attorney are set forth in Mississippi Code Section 25-81-11. Sections 25-31-5 and 25-31-6 pertain to assistant district attorneys. Nowhere in those sections are they given responsibility for setting the docket. Rather, judges are responsible for maintaining their dockets. See URCCC 2.03, 9.02; Miss. R. Civ. P. 40.
¶ 21. It is my opinion that the fact the assistant district attorneys apparently have decided that they will prepare for only two to four trials per week is unacceptable. Other districts set the docket ten to fifteen cases deep, anticipating that defendants will offer pleas prior to trial, or that continuances may be necessary in some cases for any number of valid reasons. The district attorney and assistant district attorneys should always be ready for trial, and trial dockets should be set without regard to their, preferences. If two judges set trials at the same time involving the same assistant district attorney, it is the assistant district attorney’s responsibility to have an attorney in the courtroom to prosecute those cases. That is not the circuit court’s problem. The circuit judges should implement rules and enter orders, if necessary, to control their dockets. As this Court has stated previously:
Our trial judges are afforded considerable discretion in managing the pre-trial discovery process in their courts, including the entry of scheduling orders setting out various deadlines to assure orderly pre-trial preparation resulting in timely disposition of the cases. Our trial judges also have a right to expect compliance with their orders, and when parties and/or attorneys fail to adhere to the provisions of these orders, they should be prepared to do so at their own peril.
Bowie v. Montfort Jones Mem’l Hosp., 861 So.2d 1037, 1042 (Miss.2003) (citations omitted). If the assistant district attorneys violate the rules, they should be sanctioned. I strongly advise the circuit judges to start setting more cases for trial, and to stop letting the district attorney’s office control their dockets.
¶ 22. Finally, I take this opportunity to emphasize Canon 3 of the Mississippi Code of Judicial Conduct. Regardless of the type of case or the docket to which a judge is assigned, judges must abide by the following standards:
(1) A judge shall hear and decide all assigned matters within the judge’s jurisdiction except those in which disqualification is required.
(2) A judge shall be faithful to the law and maintain professional competence in it. A judge shall not be swayed by partisan interests, public clamor, or fear of criticism.
(3) A judge shall require order and decorum in proceedings before the judge.
(4) Judges shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom they deal in their official capacities, and shall require similar conduct of lawyers, and of their staffs, court officials, and *488 others subject to their direction and control.
[[Image here]]
(8) A judge shall dispose of all judicial matters promptly, effieiently[,] and fairly-
Miss.Code of Judicial Conduct, Canon 3B. The Comment to Canon 3B(8), requiring the prompt and efficient disposal of all matters, provides:
In disposing of matters promptly, efficiently!,] and fairly, a judge must demonstrate due regard for the rights of the parties to be heard and to have issues resolved without unnecessary cost or delay.... A judge should monitor and supervise cases so as to reduce or eliminate dilatory practices, avoidable delays!,] and unnecessary costs....
Prompt disposition of the court’s business requires a judge to devote adequate time to judicial duties, to be punctual in attending court and expeditious in determining matters under submission, and to insist that court officials, litigants and their lawyers cooperate with the judge to that end.
Miss.Code of Judicial Conduct, Canon 3B(8) cmt.
¶ 23. In my opinion, the circuit-court judges would be wise to keep these standards in mind and to enforce them at all times. Finally, I opine that any efforts in the future by the Hinds County Circuit Court to implement a case-assignment system will prove again to be futile, absent consideration of these suggestions I have discussed today.
DICKINSON, P.J., AND LAMAR, J., JOIN THIS OPINION. RANDOLPH, KITCHENS, CHANDLER AND PIERCE, JJ., JOIN IN PART.

. See U.S. Census Bureau Delivers Mississippi’s 2010 Census Population Totals, Including First Look at Race and Hispanic Origin Data for Legislative Redistricting (Feb. 3, 2011), http://201 Oxensus.gov/news/releases/ operations/cbl l-cnl4.html (last visited Dec. 3, 2012).

. See Hinds County, Mississippi Crime Statistics, http://recordspedia.com/Mississippi/ Hinds-County/Crime-Statistics (last visited Dec. 3, 2012) (“Crime Comparison” chart shows significantly more crimes committed in Hinds County than in other large counties in Mississippi); Jackson Crime Rate Report, http://www.cityrating.com/crime-statistics/ mississippi/jackson (last visited Dec. 3, 2012) (charts show the number of crimes in Jackson to be at least double that of the rest of Mississippi).

. "It is well settled that for cases in which the defendant is a state agency, venue is proper in Hinds County, the seat of state government.” Office of Governor Div. of Medicaid v. Johnson, 950 So.2d 1033, 1035 (Miss.Ct.App.2006) (citing Moore v. Bell Chevrolet-Pontiac-Buick-GMC, LLC, 864 So.2d 939, 945 (Miss.2004)). See also, e.g., Miss.Code Ann. § 25-9-132 (Rev.2010) (decisions of the Mississippi Personnel Board are appealed in "the circuit court of the principal county of the employee's employment or the Circuit Court of the First Judicial District of Hinds County”); Miss.Code Ann. § 77-7-295 (Rev.2009) (Mississippi Public Service Commission decisions shall be appealed to the Hinds County Circuit Court, First Judicial District).

.See Carroll H. Ingram, Study on the Mississippi Judicial System 26, 29 (Dec.2011), http:// courts.ms.gov/reports/JudicialReport-l.pdf (last visited Dec. 3, 2012).

. Local Rules for Seventh Circuit Court District of Mississippi, http://courts.ms.gov/rules/ circuitrules/7thCirRecodification.pdf (last visited Dec. 3, 2012).